### PAYNE v. JOHNSON.

(Court of Civil Appeals of Texas. San Antonio. May 8, 1912.)

1. PUBLIC LANDS (§ 172*)—SALES—FORFEITURE.

A purchaser of state lands made the necessary payments and settled thereon. A defective affidavit of settlement was made when he executed a conveyance and instructed his agent not to deliver the deed until the affidavit was filed. A new affidavit was filed after the date of the deed, which recited that the payment of the price should be by notes bearing interest from the date of the deed. There was no proof as to when the notes were delivered.

*Held*, that the purchase was subject to forfeiture under Acts 29th Leg. c. 103, § 4, providing that any attempt of a purchaser to transfer his land prior to his actual settlement, and evidence of that fact duly filed, shall operate as a forfeiture.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523–543; Dec. Dig. § 172.*]

2. PUBLIC LANDS (§ 178*) — SALES — TITLE ACQUIRED.

A sale of state lands was subject to forfeiture under Acts 29th Leg. c. 103, § 4, because of the purchaser's attempt to convey the lands before the proper filing of the affidavit of his actual settlement thereon. The conveyance of the purchaser to his grantee disclosed that fact; and the grantee, if consulted, would have disclosed that he bought the land from the purchaser. The purchase was forfeited, and thereafter a third person purchased from the state. *Held*, that the grantee of the original purchaser, was not entitled to recover the lands from the subsequent purchaser.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 579–582; Dec. Dig. § 178.*]

Appeal from District Court, Kinney County; W. C. Douglas, Judge.

Action by Frank Payne against W. R. K. Johnson. From a judgment for defendant, plaintiff appeals. Affirmed.

Geo. M. Thurmond and Joseph Jones, both of Del Rio, for appellant. G. B. Fenley and Claude Lawrence, both of Uvalde, and E. R. Pedigo, of Austin, for appellee.

FLY, C. J. This is an action of trespass to try title, wherein appellant seeks to recover of appellee four sections of land in Kinney county, being the same land involved in the case of Payne v. Cox, 143 S. W. 336, in which the judgment was reversed by this court and judgment rendered in favor of the appellant. A trial resulted in a judgment in favor of appellee for the land.

The facts briefly stated are that the four sections of land in controversy were duly awarded to W. N. Fleming on January 31, 1907, and he made the necessary payments and settled on section 14, one of the four sections, as his home, as required by law. On June 5, 1907, Fleming made, executed, and acknowledged a deed, wherein he conveyed to appellant the four sections of land sued for, and left the same in his office in San Antonio, in charge of F. W. Church, the notary public who took his acknowledgment, and who was the bookkeeper and secretary of said Fleming, who was not to deliver the deed until the affidavit of settlement by Fleming on his home tract was actually filed in the office of the General Land Commissioner of the state. The deed was not intended to be delivered until the filing of the affidavit of settlement, as aforesaid. Afterwards Fleming discovered a mistake in the description of the home section in the affidavit of settlement, while he was in Victoria, Tex., and on June 8, 1907, made another affidavit of settlement in proper form and forwarded it to F. W. Church, who mailed the same to the Commissioner of the General Land Office at Austin, on June 14, 1907. It was filed in that office at or about 8 o'clock a. m. on June 17th, and about 9 a. m. on same date the deed was sent to Payne, and on same date he went into possession of section 14, the home section, in good faith, and has continuously resided thereon and made improvements. Appellant made no application to purchase the land, nor to substitute himself for Fleming, has never executed or tendered to the state his obligations for the outstanding debts on the land, and has never in any manner complied with article 4218k, Revised Statutes, with reference to substitution. The deed from Fleming to Payne was never sent to the general land office; but a certified copy was filed therein on December 6, 1909, not by Payne, but some other person.

On February 23, 1910, the sale of the four sections of land to W. N. Fleming was forfeited by the Commissioner of the General Land Office on account of his agreement to transfer, and execution of the transfer, before affidavit of settlement was filed in the general land office, the forfeiture was duly made as provided by law, and the county clerk of Kinney county legally notified of such forfeiture, and the four sections were duly and legally classified, appraised, and placed upon the market.

On June 1, 1910, T. W. Johnson, who has been awarded section 16 as his home and settled upon it in good faith and complied with all other legal requirements, applied to purchase the four sections of land in controversy as additional lands, and they were duly awarded to him, and he fully complied with all requirements of the law in connection therewith. On January 16, 1911, T. W. Johnson conveyed his home section and the four sections herein involved to appellee, the deed was at once duly recorded in Kinney county, and appellee immediately settled on home section 16, and on same date made his application, affidavit, and obligations for the land in strict compliance with law, and on January 23, 1911, sent the affidavits, application, obligations, and the deed to the general land office, where they were received, accepted, and filed. Appellee was legally qualified to make the purchases, and complied strictly with the law governing the purchase of public school and asylum lands.

[1] In section 4 of the act of April 15, 1905, General Laws of Texas, p. 159, it is provided: "A purchaser shall not transfer his land prior to his actual settlement thereon, and evidence of that fact filed as herein provided, and any attempt to so transfer by deed, bond for title, or other agreement shall operate as a forfeit of the land to the fund to which the same belonged together with all the payments made thereon, and when

sufficiently informed of the facts which operate as a forfeiture, the Commissioner shall note the fact of forfeiture upon the application and proceed to place the land on the market by notice to the proper county clerk and advertisement in the manner provided for cancelled leases." That statute has been, we think, construed but once since its enactment, and that was in the case of Patton v. Terrell, 101 Tex. 221, 105 S. W. 1115. In that case, it was held: "The fact which operates as a forfeiture is not the filing of a deed bearing a date anterior to that of filing the affidavit of settlement, but the transfer, or attempted transfer of the land in one of the methods mentioned prior to the filing of such affidavit. That act, nothing else, is the cause of forfeiture. The date of a deed is only evidence, and not conclusive evidence, of the date of the transaction." That ruling is undoubtedly correct; but it is further true, as held in that case, that the date of the deed may be taken as a foundation for the action of the Land Commissioner in forfeiting the sale, which forfeiture might be attacked by the original purchaser in a judicial proceeding, as was done in this suit.

The deed in this case was executed on June 5, 1907, and the affidavit of settlement was not mailed to the Land Commissioner until June 14th, and was not filed in the general land office until June 17th. On the face of the papers, the sale to Fleming was undoubtedly subject to forfeiture; and, to relieve the transaction of the vice shown by the papers, proof was introduced that an affidavit of settlement had been made at the time of the execution of the deed, and Fleming's agent given instructions by his principal that the deed should not be delivered until the affidavit had been filed in the general land office; that the first affidavit was defective, and a new one was made on June 8th, which was filed, as before stated, in the General Land Office on June 17th. On that same day, the deed was filed in the county clerk's office of Kinney county, and appellant went into possession of the land on that same day.

The only evidence of the consideration and the mode of its payment are recitals in the deed that it was paid and secured to be paid by one note for $5,000 and the assumption of two notes for $1,716 each and two for $2,184 each, being obligations given by Fleming to the state of Texas, amounting in the aggregate to $12,800; the $5,000 bearing interest at the rate of 8 per cent. per annum from June 5, 1907, the date of the deed. There is no proof as to when the notes were delivered to Fleming; but presumptively they were executed and delivered on the day the deed was executed, because they bear interest from date. Evidently the parties looked on the matter as closed on June 5, 1907; for it is not to be presumed that appellant would otherwise have bound

147 S.W.—45

himself to pay interest from date of the deed. The execution of the deed and notes constituted a fully consummated sale; and the transaction must have been an "attempt to so transfer by deed, bond for title, or other agreement," in contemplation of the statute. There was no mistake in the date of the deed in this case; but it had its true date, which was one previous to the date of affidavit of settlement.

[2] In the case of Patton v. Terrell, herein cited, the purchaser from the original purchaser instituted suit against the Land Commissioner, and no question of the rights of third parties arose. In this case, however, the appellee is a substituted purchaser from the state of Texas, whose interests are antagonistic to those of appellant, who occupies a similar position to that of Patton in the case cited. When, on June 1, 1910, T. W. Johnson made application to purchase the land in controversy, the sale to Fleming had been forfeited on account of failure to file an affidavit of settlement before the transfer was made to appellant. Neither T. W. Johnson nor appellee had any notice of any claim that appellant had to the land, except the fact of his possession of the land, which was sufficient to put them upon inquiry. If, however, they had gone to appellant and asked upon what he based his right to possession, he would, no doubt, have informed them that he bought from Fleming. If they had consulted the deed of Fleming to appellant and the affidavit of settlement, they would have ascertained that the deed was dated anterior to the affidavit, and that the forfeiture of the sale was justified under the law. The possession of appellant was fully explained by the deed of Fleming, which was recorded; and when appellee had consulted the deed and the affidavit he was not under any obligation to proceed further, but could purchase the land and be protected. He had no notice of the intention of Fleming to file the affidavit of settlement before the sale was made, nor of the secret instructions given by Fleming to his agent. The record showed a noncompliance with the law and a consequent statutory forfeiture of the sale and a subsequent sale to another applicant. Appellee has made payments on the land, and has entered into obligations to the state, and has made improvements upon the land.

In the consideration of the case of Payne v. Cox, 143 S. W. 336, the recitals of the deed made by Fleming, as to the execution of the note for $5,000 on the day the deed was executed and bore interest from that date, were not noticed. It also appears that the only condition imposed by Fleming on his agent as to the delivery of the deed was that the affidavit for settlement should be filed in Austin. If the note and the contract of assumption of the obligations had not been in the hands of Fleming, it is clear that

the agent would have been instructed to not deliver the deed until the note and contract had been placed in his hands. There could be no ground, therefore, for assuming that the note for $5,000 was not delivered until the deed was filed for record. Such an assumption is contrary to the proof made by the recitals of the deed and acts of the parties, and in the face of the usual method of closing sales of land. Webb v. Brown, 2 Posey, Unrep. Cas. 36. The facts and circumstances bring the case within the scope of the law herein quoted, and the forfeiture of the sale to Fleming was properly made.

The judgment is affirmed.