**Emmett H. WHITEHEAD, Relator,**

v.

**W. D. JULIAN, Respondent.**

No. B–3205.

Supreme Court of Texas.

Feb. 23, 1972.

Small, Herring, Craig & Werkenthin, C. C. Small, Jr. and Lawrence S. Smith, Austin, Tex. Sallas, Griffith & Merriwether, J. B. Sallas, Crockett, for relator.

W. D. Julian, Jr., Crockett, for respondent.

McGEE, Justice.

This is an original petition for writ of mandamus seeking to compel Respondent, Democratic County Chairman of Houston County, to accept and file the application of Relator to have his name placed on the ballot in Houston County as a candidate for the Democratic nomination for State Representative. We grant the petition but direct that the writ not be issued unless the Chairman should refuse to accept the application after this judgment becomes final.

On January 31, 1972, the Relator tendered his application to the Respondent. The Respondent refused to file the application on the ground that the Relator was ineligible for the office under Article III, Section 19 of the Texas Constitution, Vernon's Ann.St., because he is the Mayor of Rusk, Texas, receiving $50 per month as an expense allowance. The City Council minutes in part read as follows:

"The five aldermen and City Attorney to be paid $10 for regular monthly council meetings attended. The Mayor to receive a monthly expense account allowance of $50 per month for secretarial work, etc."

Relator as Mayor receives no compensation above expenses. Relator by affidavit states that his expenses exceed the $50 monthly expense allowance and his affidavit is uncontroverted by Respondent. The sworn statement, being uncontrovert-

ed, is accepted as true. Uncontroverted allegations in Relator's petition need not be proved. Patton v. Terrell, 101 Tex. 221, 105 S.W. 1115 (1907); vol. 6, Texas Practice Series, Injunctions and Other Extraordinary Proceedings, § 485 (1957).

 Article III, Section 19 of the Texas Constitution provides as follows:

"§ 19. Ineligibility of persons holding other offices

Sec. 19. No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature."

The narrow question presented to this court is whether the $50 expense allowance makes the Mayor's position a "lucrative" office within the constitutional provision above quoted, thus prohibiting him from being a candidate for election to the office as Representative. We hold that it does not.

This court in Willis v. Potts, 377 S.W.2d 622 (Tex.1964) laid down the rule that:

"Any constitutional or statutory provision which restricts the right to hold public office should be strictly construed against ineligibility." Page 623.

This rule was reaffirmed in Hall v. Baum, 452 S.W.2d 699 (Tex.Sup.1970). In the Willis v. Potts case we held Willis ineligible because he drew the sum of $10 per day for attending each regular meeting of the City Council of Fort Worth and in addition received all necessary expenses.

We are of the opinion that a "lucrative" office is one in which the holder thereof receives a salary, fees or other compensation. Inasmuch as it is uncontroverted under this record that Relator received no such compensation, we hold that he is eligible to be a candidate for the of-

fice of Representative. Willis v. Potts, supra.

Petition for mandamus is granted; but, the writ of mandamus will not be issued by the Clerk of this Court unless Respondent, W. D. Julian, refuses to accept Relator's application after this judgment becomes final.

In view of the nearness of the time for preparation of the ballot for the Democratic primary election, this Court will not entertain a motion for rehearing.