

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

. Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 31, 1985

Mr. Ron Patterson
Executive Director
State Property Tax Board
9501 North IH-35
Austin, Texas 78761

Opinion No. JM-349

Re: Whether members of the State Property Tax Board are entitled to compensatory per diem

Dear Mr. Patterson:

You have requested our opinion regarding the payment of compensatory per diem to members of the State Property Tax Board.

Article 6813f, V.T.C.S., last amended in 1983, provides in its entirety:

> Section 1. In this Act, "state board or commission" means a board, commission, committee, council, or other similar agency in the state government that is composed of two or more members.

> Sec. 2. A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.

> Sec. 3. Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act. If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act. If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act.

p. 1593

The General Appropriations Act for the 1983-85 biennium established a per diem allowance consisting of

> actual expenses for meals and lodging (not to exceed the maximum daily amount allowed as of the first of January of that year for federal income tax purposes as a deduction for ordinary and necessary business expenses) and transportation plus the amounts of compensatory per diem specifically authorized in this Act or as otherwise authorized by this Act.

Acts, 1983, 68th Leg., ch. 1095, art. V, §4. The new General Appropriations Act, which became effective on September 1, 1985, substitutes for the foregoing the following language:

> Sec. 4. PER DIEM OF BOARD OR COMMISSION MEMBERS. As authorized by Section 2 of Article 6813f, Texas Revised Civil Statutes Annotated, the per diem of state board and commission members shall consist of (1) the amounts of compensatory per diem at $30 per day; (2) actual expenses for meals and lodging as authorized by this Act not to exceed the maximum amount allowed as a deduction for state legislators while away from home during a legislative session as established pursuant to the Internal Revenue Code 26 U.S.C. Section 162(1)(1)(B)(ii); and (3) transportation. In the event the maximum amount allowed as a deduction for state legislators pursuant to the Internal Revenue Code as provided above is raised to an amount above $100, the maximum amount of meals and lodging portion of the per diem paid to board and commission members under this section shall not exceed $100.
>
> The items of appropriation for per diem of board or commission members include compensatory per diem only. No employee paid from funds appropriated by this Act shall be paid both a salary and compensatory per diem for concurrent service as a state employee and as a board or commission member.

Acts 1985, 69th Leg., ch. 980, art. V, §4. The principal difference between the two riders is that, for 1985-87, the rate of "compensatory per diem" is specified in the rider at a particular amount, i.e., $30 per day, as well as in the line item for compensatory per diem in each agency's appropriation. In the prior act, only the latter was

included. In both instances, however, as well as historically, the kind of flat rate compensatory per diem established by the Appropriations Act does not represent reimbursement for expenses but compensation for services. This office reached a similar conclusion in Attorney General Opinion MW-388 (1981):

> We believe the wording of article 6813f and this appropriations act provision plainly reflects a legislative intent to adopt, for at least the two year biennium, a more expansive definition of per diem which embraces both actual expenses for meals and lodging and a flat daily rate payment.

When a per diem which represents compensation, in contrast to per diem which represents reimbursement for expenses, is provided by law for a particular office, that office may be held to be "lucrative," Willis v. Potts, 377 S.W.2d 622 (Tex. 1964), and thus, an "office of emolument" for purposes of article 16, section 40 of the Texas Constitution, the dual office holding provision. As a result, if a member of the State Property Tax Board is entitled to compensatory per diem, he could be prohibited from holding any other office of emolument. Compare Whitehead v. Julian, 476 S.W.2d 844 (Tex. 1972); Willis v. Potts, supra.

In our opinion, however, a member of the Board is not entitled to compensatory per diem. Section 5.01(i) of the Tax Code provides:

> A member of the board may not receive compensation for his service on the board but is entitled to reimbursement for actual and necessary expenses, as provided by legislative appropriation, incurred while on travel status in the performance of official duties.

Section 3 of article 6813f, the statute which furnishes the basis for the per diem rider, preempts every "law prescribing the amount of per diem relating to membership on a state board or commission." Section 5.01(i) is not, however, such a law. Rather than "prescribing" an amount of per diem, that provision prohibits the payment of any amount that does not represent reimbursement for expenses. Numerous other statutes specifically prohibit the payment of compensation to board or commission members, and to the extent they do so, they are not preempted by article 6813f. See, e.g., Education Code, §§61.024, 85.15. This conclusion is bolstered by the deletion of a key sentence from the original bill which became article 6813f. House Bill 401 initially provided:

> If a law prohibits a per diem to be paid to a
> member of a state board or commission, the
> prohibition is suspended by this Act.

We believe that the deletion of this language from the final bill as enacted indicates a legislative intent in article 6813f not to modify the provisions of particular statutes which prohibit payment of compensation. Accordingly, a member of the State Property Tax Board is not entitled to receive compensatory per diem for service on the Board. Since we answer your first question in the negative, we need not address your other questions.

### S U M M A R Y

A member of the State Property Tax Board is not entitled to receive compensatory per diem, as provided in article V, section 4 of the current General Appropriations Act, for service on the Board.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton