

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 20, 1990

Honorable Charles S. Brack
Chambers County Attorney
P. O. Box 1200
Anahuac, Texas    77514

Opinion No.    JM-1266

Re:    Whether a city council member may simultaneously serve as a county special district or school district employee, or as a director of a navigation district    (RQ-2145)

Dear Mr. Brack:

You have requested our opinion regarding six possible instances of dual office holding. We will briefly describe each example before addressing the subject in general terms.

1.   A city council member who receives a $40 per month expense allowance and who is also a county sanitation and safety officer, a salaried position appointed by the commissioners court.

2.   A city council member who receives a $40 per month expense allowance and who is also a salaried employee of a conservation and reclamation district.

3.   A city council member who receives a $40 per month expense allowance and who is also a salaried teacher employed by a school district.

4.   A mayor who receives an $80 per month expense allowance and who is also a salaried employee of a school district.

5.   A city council member who receives a $40 per month expense allowance and who also holds a per diem compensated appointment as director of a navigation district.

> 6. A city council member who receives a $40 per month expense allowance and who is also a salaried employee of a hospital district.

Article XVI, section 40, of the Texas Constitution furnishes the primary <u>constitutional</u> impediment to dual office holding. With various exceptions, it provides that "no person shall hold or exercise at the same time more than one civil office of emolument." The Supreme Court has repeatedly held that the determining factor in distinguishing an officer from an employee is whether the individual in question exercises a "sovereign function of the government . . . largely independent of the control of others." <u>Aldine Indep. School Dist. v. Standley</u>, 280 S.W.2d 578, 583 (Tex. 1955), <u>quoting</u> <u>Dunbar v. Brazoria County</u>, 224 S.W.2d 738, 740 (Tex. Civ. App. - Galveston 1949, writ ref'd). Elected officials are clearly officers, and therefore the mayor and city council members under consideration here are officers for purposes of article XVI, section 40.

As to the other positions of which you inquire, it is useful to consider Attorney General Opinion JM-499 (1986), where we held that the chief appraiser of an appraisal district is an employee rather than an officer. The opinion turned on the consideration that the chief appraiser exercised his responsibilities subject to review and correction by the appraisal review board, and served at their pleasure. In our opinion, if an individual may be terminated at will by a superior body, he can hardly be said to exercise power "largely independent of the control of others," since the superior body is in a position to dictate his every act. Based on these criteria, we may conclude that since each of the positions in examples 1, 2, and 6 is subject to control by a superior body, those positions are employments rather than offices. Thus, article XVI, section 40, does not bar a city council member from holding simultaneous positions as a county sanitation and safety officer, an employee of a conservation and reclamation district, or an employee of a hospital district.

With regard to your third and fourth examples, a further inquiry is necessary. Article XVI, section 40, also establishes an additional restriction for certain employees who serve on the governing bodies of a city or other local governmental districts. It provides in pertinent part:

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as

> members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.

Tex. Const. art. XVI, § 40. Teachers and other employees of school districts receive a portion of their compensation from funds of the state of Texas. As a result, they may serve as city council members or as mayor only if they receive no salary for such service. Attorney General Opinion JM-118 (1983); MW-230 (1980). We must therefore determine whether the $40 or $80 per month "expense allowance" constitutes a salary. If it constitutes a salary, the school teacher must renounce it in order to serve on the city council. Letter Advisory No. 20 (1973).

For purposes of the quoted provision of article XVI, section 40, "salary" does not include legitimate reimbursement of expenses. See generally Whitehead v. Julian, 476 S.W.2d 844 (Tex. 1972) (expense allowance does not make office a "lucrative office"; salary, fees, or other compensation must be paid); Willis v. Potts, 377 S.W.2d 622 (Tex. 1964) (token payment of $10 per meeting makes city council member's office a "lucrative office"); Attorney General Opinion MW-450 (1982); MW-230. In the examples you cite, we do not believe that the school teacher or other salaried employee of the school district may receive compensation for serving as mayor or city council member merely by denominating a $40 or $80 monthly payment an "expense allowance" rather than a "salary." At the very least, the official should submit an affidavit that the actual expenses he incurs each month equal or exceed the allowance payment. The better practice would be for the official to itemize his expenses each month in order to demonstrate that the allowance does not exceed expenses incurred. See Attorney General Opinion H-992 (1977).

As to your fifth example, a director of a navigation district holds an office, and since, by your description, he receives a per diem compensation for such service, he may avoid the prohibition of article XVI, section 40, only if his city council position is not one of emolument. The same test applied to the school district employees in your third and fourth examples is applicable here: if the "expense allowance" can be fairly demonstrated to constitute reimbursement for actual expenses, the constitutional provision does not bar the city council member from also serving as director of a navigation district.

We must also consider the common law doctrine of incompatibility as applied to the positions of which you inquire. That doctrine prohibits one individual from occupying "two offices where one office might thereby impose its policies on the other or subject it to control in some other way." Attorney General Opinion JM-129 (1984); see also Attorney General Opinion JM-133 (1984). The aspect of the doctrine relevant here, sometimes called the "conflicting loyalties" type of incompatibility to distinguish it from the "self-employment" type, see Letter Advisory No. 114 (1975), has never been held to apply to a situation in which one position is an office and the other an employment. Indeed, the original Texas case involving incompatibility, Thomas v. Abernathy County Line Indep. School Dist., 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted), involved the offices of city alderman and school trustee. On other occasions, we have held incompatible the offices of community college trustee and county commissioner, Attorney General Opinion JM-129; and the offices of county auditor and city council member. Attorney General Opinion JM-133; see also Letter Advisory No. 149 (1977).

Applying these principles to your six examples, we believe it is clear that incompatibility has no application to numbers 1-4 or to number 6, since in each instance one of the positions is a mere employment. As to the fifth example, it is equally apparent that both positions are offices. If the geographical boundaries of the navigation district overlap with those of the city of which the individual is a council member, there is at least a potential for conflicting loyalties. We cannot say as a matter of law, however, that these positions are incompatible. If, for example, the two political subdivisions contract with each other, there probably exists sufficient potential for conflicting loyalties as to render the two positions incompatible. Again, if the navigation district has and exercises taxing authority, the potential for conflict is probably insurmountable. We conclude that the common law doctrine of incompatibility may, but does not as a matter of law, prohibit a single individual from serving both as a member of a board of directors of a navigation district and as a city council member of a municipality where the territory of the district and municipality overlap.

## S U M M A R Y

Neither article XVI, section 40, of the Texas Constitution nor the common law doctrine of incompatibility bars a city council member from simultaneously serving as a county sanitation and safety officer, an

employee of a conservation and reclamation district, or an employee of a hospital district. A mayor or city council member is not barred by incompatibility from simultaneously serving as an employee of an independent school district, but he must renounce any salary or compensation for serving as mayor or city council member. A city council member is barred by article XVI, section 40, from serving as a director of a navigation district unless the allowance received for serving as council member can be demonstrated to constitute reimbursement for expenses only. Common-law incompatibility may, depending on the circumstances, bar one individual from serving both as city council member and as director of a navigation district, but it does not do so as a matter of law.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General