Office of the Attorney General · State of Texas

February 12, 2002

Mr. Jeff Moseley
Executive Director
Texas Department of Economic Development
P.O. Box 12728
Austin, Texas 78711-2728

Opinion No. JC-0464

Re: Whether article III, section 19 of the Texas Constitution requires a Texas Department of Economic Development governing board member to resign from office in order to run for the Texas Legislature (RQ-0457-JC)

Dear Mr. Moseley:

You ask about the effect of article III, section 19 of the Texas Constitution on a Texas Department of Economic Development ("DED") governing board member who wishes to run for office as a state legislator. Under article III, section 19, holders of "lucrative" state and federal offices are ineligible to serve in the Texas Legislature. We conclude that because members of the DED governing board do not hold "lucrative" office, article III, section 19 is not relevant to a board member's eligibility to run for legislative office or to serve as a legislator.

You explain that a member of the DED governing board "wishes to seek party nomination in the primary to be a candidate for the Texas House of Representatives for a term beginning in January 2003."[1] You ask the following questions about article III, section 19 of the Texas Constitution:

1. Is a board member who does not receive compensation, but who is entitled to receive reimbursement for actual expenses, eligible to serve in the Legislature during the term for which he or she was appointed?

2. Does it make any difference if the board member waives reimbursement?

---

[1]Letter from Mr. Jeff Moseley, Executive Director, Texas Department of Economic Development, to Honorable John Cornyn, Texas Attorney General (Oct. 23, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

3. If required, when must the board member resign in order to seek party nomination for the Texas Legislature?

4. If the board member does not have to resign to seek party nomination in the primary for the Texas Legislature, at what point must he or she resign in order to serve in the Legislature?

Request Letter, *supra* note 1, at 1.

Article III, section 19 of the Texas Constitution provides as follows:

> No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding *a lucrative office* under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature.

TEX. CONST. art. III, § 19 (emphasis added). Your first three questions ask about the implications of this provision for a board member's eligibility to run for legislative office. As we explain below, article III, section 19 applies only to holders of "lucrative office," a term that does not include members of the DED governing board. Given that a member of the DED governing board does not hold a "lucrative office" under article III, section 19, that constitutional limitation does not apply to the board member at issue. Article III, section 19 does not require the board member to resign from office in order to run for legislative office and will not affect the member's eligibility to serve should he or she be elected to office.

As the board at issue is responsible for the governance of the DED, a state agency, its members are clearly "officers" within the meaning of article III, section 19, *see* TEX. GOV'T CODE ANN. ch. 481, subch. A (Vernon 1998 & Supp. 2002) (authority of DED governing board); *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (test for determining whether a person is an officer for purposes of constitutional dual-office-holding provisions is whether person exercises "'sovereign function[s] of the government . . . largely independent of the control of others'") (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740-41 (Tex. Civ. App.–Galveston 1949, writ ref'd)), but the board members do not hold *lucrative* office. The term "lucrative office" has been the subject of several judicial opinions. These cases hold that an officer who receives a salary, fees, or any other compensation holds a "lucrative office" within this provision. *See Whitehead v. Julian*, 476 S.W.2d 844, 845 (Tex. 1972). An office is lucrative even if the officeholder's compensation is quite insignificant, such as a small per diem. *See, e.g., Dawkins v. Meyer*, 825 S.W.2d 444, 446-47 (Tex. 1992) (state agency board member who received $30 per diem in addition to expenses held a lucrative office within the meaning of art. III, § 19); *Willis v. Potts*, 377 S.W.2d 622, 623 (Tex. 1964) (city council member who received $10 per diem in addition to expenses held a lucrative office within the meaning of art. III, § 19). Reimbursement for expenses

alone, however, does not render an office lucrative. *See Whitehead,* 476 S.W.2d at 845 (mayor who received only $50 monthly expense allowance and whose expenses exceeded the allowance did not hold a lucrative office within the meaning of art. III, § 19).

Under section 481.0043(c) of the Government Code, a member of the DED governing board "may not receive compensation for service on the governing board. A member is entitled to receive reimbursement, subject to any applicable limitation on reimbursement provided by the General Appropriations Act, for actual and necessary travel expenses incurred in performing services as a member of the governing board." TEX. GOV'T CODE ANN. § 481.0043(c) (Vernon 1998). Because these board members do not receive compensation and receive reimbursement only for their actual and necessary expenses, a member of the DED governing board does not hold a "lucrative office" under article III, section 19 as that term has been construed by the Texas Supreme Court.

Your final question asks, "[i]f the board member does not have to resign to seek party nomination . . . , at what point must he or she resign in order to serve in the Legislature?" Request Letter, *supra* note 1, at 1. Again, article III, section 19 does not apply to a member of the DED governing board and has no implications for when a member must resign in order to serve in the legislature. We note, however, that should the board member be elected to serve in the legislature, he or she will automatically resign her membership on the DED governing board upon qualifying for the legislature by operation of the constitutional dual-office-holding prohibition—article XVI, section 40.

Under article XVI, section 40(d), "[n]o member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law." TEX. CONST. art. XVI, § 40(d). We have not located any judicial or attorney general opinion addressing whether in this provision the term "office" applies to both paid and unpaid offices. We conclude here that the term "office" applies to any office, paid or unpaid. This special dual-office-holding prohibition for legislators is in addition to the general prohibition against holding more than one *paid* office in subsection (a) of section 40. *See id.* § 40(a) (" No person shall hold or exercise at the same time, more than one civil office of emolument . . . . "). If we were to construe "office" to apply only to paid offices, then subsection (d) of section 40 would be redundant of subsection (a) and would be rendered meaningless and inoperative. In order to give the term "office" meaning, we construe subsection (d) to prohibit a legislator from holding any other state or federal office, even if the office is not paid. *See Doody v. Ameriquest Mortgage Co.,* 49 S.W.3d 342, 344 (Tex. 2001) (courts avoid a construction that renders any constitutional provision meaningless or inoperative). Accordingly, the term "office" embraces an unpaid state office such as membership on the DED governing board.

In sum, article XVI, section 40(d) prohibits a person from serving as both member of the DED governing board and as a legislator. As qualification for and acceptance of a second office would operate as an automatic resignation from the first office, *see Pruitt v. Glen Rose Indep. Sch.*

*Dist.*, 84 S.W.2d 1004 (Tex. Comm'n App. 1935, judgm't adopted), the board member would automatically resign from the DED office upon qualifying for the legislature.

## S U M M A R Y

Because a member of the Texas Department of Economic Development governing board does not hold a "lucrative" office within the meaning of article III, section 19 of the Texas Constitution, that constitutional provision is not relevant to a board member's eligibility to run for legislative office or to serve as a legislator. Article III, section 19 does not require a board member to resign from office in order to run for legislative office and would not affect a member's eligibility to serve should he or she be elected to office. However, article XVI, section 40(d) of the Texas Constitution prohibits a state legislator from holding an unpaid state office and would preclude a person from serving as both a member of the Department of Economic Development governing board and as a legislator.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee