**In re Anette CARLISLE, Relator.**

No. 06–0025.

Supreme Court of Texas.

Jan. 17, 2006.

Don M. Dean and Kelly Utsinger, Underwood Wilson Berry Stein & Johnson, PC, Amarillo, for Relator.

Donna G. Davidson and Frank Reilly, Potts & Reilly, L.L.P., Austin, for real party in interest.

PER CURIAM.

In this original proceeding we decide whether Anette Carlisle, who currently serves on the board of the trustees of the Amarillo Independent School District, holds a "lucrative office" within the meaning of Article III, Section 19 of the Texas Constitution, making her ineligible to be a candidate for election to the Legislature. We hold she does not. Therefore, we con-

ditionally grant Carlisle's petition for writ of mandamus.

The facts are undisputed. Anette Carlisle currently holds office as a member of the school board for the Amarillo Independent School District. On December 15, 2005, Carlisle applied to be a candidate in the Republican primary for State Representative for the 87th District.[1]

In a letter dated January 5, 2006, Tina J. Benkiser, the chair of the Republican Party of Texas, notified Carlisle that she was ineligible to run for or hold office in the Legislature. Benkiser's letter stated as follows:

> We are in receipt of your application for a place on the 2006 Republican Party primary election ballot for District 87 of the Texas House of Representatives. After reviewing public records that show you currently hold office as a member of the school board for the Amarillo Independent School District ("ISD") from which you have not resigned and based on Article III, Section 19 of the Texas Constitution and the written reimbursement policy of the Amarillo ISD, you are ineligible to run for State Representative in this year's Republican Primary or serve in that capacity.
>
> Therefore, we cannot certify your name to be on the ballot for the March 2006 Republican Primary.

Carlisle filed a petition for writ of mandamus on January 11, 2006 under Section 273.061 of the Texas Election Code. Section 273.061 authorizes the Supreme Court of Texas to issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election. TEX. ELEC. CODE § 273.061. Carlisle requests that we direct the chair and the executive committee of the Republican Party to immediately certify Carlisle as a candidate in the Republican primary for District 87 of the Texas House of Representatives and to deliver the written certification to the appropriate election officials as required by Texas Election Code. TEX. ELEC. CODE §§ 172.022, 172.028, 172.029 (requiring the chair to certify candidate names in writing and to deliver the certification to various election officials).[2]

Section 11.061(d) of the Texas Education Code states that school board "trustees serve without compensation." The written reimbursement of Amarillo ISD allows board members to be reimbursed for "reasonable expenses incurred in carrying out Board business at the Board's request and for reasonable expenses incurred while attending meetings and conventions as official representatives of the Board." To receive reimbursement, board members are required to submit "receipts for all expenses, except meals." The written reimbursement policy further states that lodging and meals "shall be based on rates established by the State of Texas for key officials."

---

1. It is undisputed that Carlisle timely filed an application to appear on the Republican primary ballot for that office. The parties agree that Carlisle's application was facially complete and complied with Section 141.031 of the Texas Election Code, which sets forth the general requirements for a candidate's application.

2. Benkiser agrees that she is a proper party to this case because the chair has a legal duty under the Election Code to certify candidates for election. But she argues that we do not have jurisdiction over the executive committee of the Republican Party of the State of Texas in this case because the executive committee has no such legal duty. Because we direct Benkiser to take the appropriate steps under the Texas Election Code to certify Carlisle as a candidate, we find it unnecessary to resolve the issue of whether we have jurisdiction to issue a writ of mandamus to the executive committee in this case.

Carlisle submitted a sworn affidavit in which she testified that she only receives reimbursement for reasonable, necessary, and actual expenses incurred in carrying out Amarillo ISD business at the school board's request and for reasonable, necessary, and actual expenses incurred while attending meetings and conventions as an official representative of the board and the district. She further averred that the reimbursement she receives for meals does not fully compensate her for the money she actually expends on meals. In addition, she averred that reimbursements she has received for expenses incurred while carrying out school board business and attending meetings and conventions as an official representative of the school board has never exceeded the limits established by the Texas Comptroller of Public Accounts. Finally, she averred that the actual expenses she incurs as a member of the Amarillo ISD school board far exceed the reimbursement she receives from the Amarillo ISD.

 Benkiser does not contest the statements made in Carlisle's affidavit and adopts Carlisle's statement of the case. Benkiser does not allege that Carlisle receives compensation as that term is traditionally understood. She states that her decision to declare Carlisle ineligible is based upon the school board's written policy of reimbursing expenses for meals without requiring receipts.[3]

Benkiser argues that because the Amarillo ISD has a written policy of reimbursing expenses for meals without requiring receipts, Carlisle is holding a lucrative office under Article III, Section 19 and is therefore ineligible to run for State Representative in this year's Republican Primary or to serve in that capacity. Article III, Section 19 of the Texas Constitution provides that:

> No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature.

TEX. CONST. art. III, § 19.

In support of her position that Carlisle is holding a lucrative office, Benkiser relies on *Willis v. Potts,* in which this Court held that a $10 per diem for compensation made the office of city council a lucrative office. 377 S.W.2d 622, 626–27 (Tex.1964). She further argues that in *Dawkins v. Meyer,* the Court held that a board member of a state agency who received a per diem of $75 for meals and lodgings and per diem of $30 for each day of service was also holding a lucrative office. 825 S.W.2d 444, 446 (Tex.1992).

Those cases, however, are distinguishable from the present case. In *Willis,* the Charter of the City of Fort Worth provided that "[e]ach member of the City Council shall receive *as compensation for his services* the sum of Ten ($10.00) Dollars per diem for each regular meeting attended by him ...." 377 S.W.2d at 626 (emphasis added). The per diem provided to the city council member in that case was compensation for his services and not reimbursement for his expenses. *Id.* In *Dawkins,* board members received "reimbursement for expenses for transportation, for meals and lodging up to $75 per day, as well as

---

**3.** Benkiser also argues that because the application deadline to become a candidate for the Legislature has passed, Carlisle cannot become eligible to run for the Legislature by resigning from the board of the trustees of the Amarillo ISD. Because we hold that Carlisle's position on the board of the trustees of the Amarillo ISD is not a lucrative office, we need not address this argument.

96

compensation of $30 per day for each day of service." 825 S.W.2d at 445. We stated that "[h]ad Dawkins received only reimbursement for her expenses and no compensation for her activities with the [board], her position would not be considered lucrative." *Id.* at 446–47. We further stated that "Dawkins receives more than reimbursement for expenses—she is compensated $30 per day independent of any expenses she incurred." *Id.* at 447.

In the present case, Carlisle receives reimbursement for meals and no compensation for services provided. Although no receipts are required to collect reimbursement for meals, there is nothing to suggest that the reimbursement is compensation for services performed by Carlisle. Carlisle has sworn under oath that the reimbursement she received for her meals does not fully compensate her for the cost of those meals. Benkiser does not dispute that assertion. There is nothing in the Amarillo ISD written reimbursement policy to indicate that school board members receive compensation for their services; they only receive reimbursement for their expenses.

Carlisle relies principally on *Whitehead v. Julian*, 476 S.W.2d 844, 845 (Tex.1972). In *Whitehead*, we held that a mayor, who received a $50 per month expense allowance and whose expenses were greater than or equal to the expense allowance, did not hold a lucrative office. We continued to define a lucrative office as one in which the holder received a "salary, fees or other compensation." *Id.* As in *Whitehead*, Carlisle only receives reimbursement for expenses and no compensation for her services.

In determining whether Carlisle holds a lucrative office within the meaning of Article III, Section 19 of the Texas Constitution, "we must also be mindful that any constitutional or statutory provision which restricts the right to hold public office should be strictly construed against ineligibility." *Dawkins*, 825 S.W.2d at 448. Accordingly, we hold that the reimbursement Carlisle receives for meals does not make her position as a member of the Amarillo ISD school board a lucrative office within the meaning of Article III, Section 19 of the Texas Constitution. Because Benkiser had a duty under the Texas Election Code to certify Carlisle as a candidate, we conditionally grant the petition for writ of mandamus, without hearing oral argument, and direct Benkiser to take all actions necessary under the Texas Election Code to certify Carlisle as a candidate for District 87 of the Texas House of Representatives.[4] TEX. R. APP. P. 52.8(c). We are confident that Benkiser will comply, and our writ will issue only if that confidence proves misplaced.

---

4. Carlisle argues that Benkiser did not have the authority to determine whether she holds a lucrative office. Because we have determined that Carlisle does not hold a lucrative office, we need not resolve this issue.