April 6, 2006

The Honorable Galen Ray Sumrow
Rockwall County Criminal District Attorney
Rockwall County Government Center
1101 Ridge Road, Suite 105
Rockwall, Texas 75087

Opinion No. GA-0421

Re: Whether under article III, section 19 of the Texas Constitution a city council member whose current term of office is uncompensated is eligible for election to the legislature (RQ-0408-GA)

Dear Mr. Sumrow:

You ask whether under article III, section 19 of the Texas Constitution a city council member whose current term of office is uncompensated is eligible to be elected to the legislature.[1] Your question concerns a home-rule municipality whose city charter authorizes the council to set the council members' compensation, if any, by ordinance. *See* Request Letter, *supra* note 1, at 1; *see also* CITY OF ROCKWALL, TEX. HOME RULE CHARTER art. III, § 3.03 (1985) (directing that the council must determine council members' compensation by ordinance) [hereinafter Rockwall Charter]. You inform us that the council member at issue was first elected to a two-year term on the council in May 2003. *See* Request Letter, *supra* note 1, at 1; *see also* Rockwall Charter, *supra*, § 3.01 (directing that council members "shall serve for a term of two years"). At that time, in accordance with an ordinance, each council member received $90 per year as compensation. *See* Request Letter, *supra* note 1, at 1. Consequently, the council member received $90 in May 2004 for serving from May 2003 through May 2004 and $90 in May 2005 for serving from May 2004 through May 2005. *See id.* The council member was reelected to another two-year council term in May 2005, and the term started in that month. *See id.* On September 19, 2005, the council repealed the ordinance providing compensation to council members. *See id.* Accordingly, you state, the council member "**will not** be paid for his second term of service on the City Council (from May 2005–May 2007)." *Id.* The council member recently announced his candidacy for a seat in the Texas Senate.[2]

---

[1]*See* Letter from Honorable Galen Ray Sumrow, Rockwall County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Oct. 25, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Ian McCann, *Rockwall Council Member Says He'll Race Deuell for Senate Seat*, DENTON RECORD-CHRONICLE (Nov. 2, 2005) (*available at* http://dentonrc.com/s/dws/news/city/rockwallrowlett/stories/DN-deuellduel_02 met.ART.North.Edition2.1d2bc858.html); *see also* Roy Maynard, *Rockwall McCallum Challenges Deuell*, TYLER MORNING TELEGRAPH (Dec. 28, 2005) (*available at* http://www.zwire.com/site/news.cfm?newsid=15832815&BRD= 1994&PAG=461&dept_id=226369&rfi=8).

You ask whether the council member is ineligible to run for the Texas Legislature under article III, section 19 of the Texas Constitution, and we are therefore called upon to examine that constitutional provision. *See id.* at 1–2; *see also* TEX. CONST. art. III, § 19. We note, as a preliminary matter, that the City of Rockwall's (the "City") charter requires that an increase in council members' compensation may not "take effect until the commencement of the terms of Mayor and/or Council members elected at the next regular election." Rockwall Charter, *supra*, § 3.03. But nothing in the charter forbids the council from decreasing or eliminating its compensation mid-term. *See id.* Moreover, as the City is a home-rule municipality, *see id.* § 2.01, it is not subject to Local Government Code section 141.001, which requires a type A general-law municipality to set elected officers' salaries "[o]n or before January 1 preceding a regular municipal election" and prohibits changing the compensation mid-term, *see* TEX. LOC. GOV'T CODE ANN. § 141.001 (Vernon 1999); *see also City of Brownsville v. Kinder*, 204 S.W. 446, 447 (Tex. Civ. App.—San Antonio, writ ref'd) (construing pre-codified version of Local Government Code section 141.001).

In interpreting a constitutional provision, we begin with the text itself. *See Wentworth v. Meyer*, 839 S.W.2d 766, 767 (Tex. 1992). When the text's meaning is in doubt, we "consider the intent of the people who adopted the constitution." *Id.* And we must strictly construe a provision that restricts the right to hold office to minimize ineligibility. *See id.*

Under article III, section 19, no person "holding a lucrative office under . . . this State . . . shall, during the term for which he is elected . . . be eligible to the Legislature." TEX. CONST. art. III, § 19. "The policy underlying" article III, section 19, as the Texas Supreme Court determined in 1992, "is the doctrine of separation of powers[,] which was considered a means of mitigating undue influence by the executive upon the legislative branch." *Dawkins v. Meyer*, 825 S.W.2d 444, 448 (Tex. 1992); *accord Wentworth*, 839 S.W.2d at 767 (discussing *Dawkins*).

At present, the council member about whom you ask is uncompensated and thus does not hold a lucrative office. According to the Texas Supreme Court, "an office is lucrative" for purposes of article III, section 19 "if the office holder receives any compensation, no matter how small," although "[r]eimbursement for expenses alone does not render an office 'lucrative.'" *Dawkins*, 825 S.W.2d at 447; *see In re Carlisle*, 49 Tex. Sup. Ct. J. 262, 264, 2006 WL 120292, at *3 (Tex. Jan. 17, 2006) (per curiam) (holding that reimbursement for meals does not render an office lucrative); *Whitehead v. Julian*, 476 S.W.2d 844, 845 (Tex. 1972) (holding that a $50 expense allowance does not render an office lucrative if expenses exceed the allowance). Article III, section 19 applies to a salaried city council member. *See Willis v. Potts*, 377 S.W.2d 622, 627 (Tex. 1964) (concluding that a city council member who received $10 per diem for each regular meeting plus necessary expenses held a lucrative office for purposes of article III, section 19); Tex. Att'y Gen. LO-89-106, at 1 (citing *Willis* for the proposition that a salaried city council member holds a lucrative office).

Nevertheless, you seem to be concerned that the compensation the council member received during his first two years in office may render his office lucrative. *See* Request Letter, *supra* note 1, at 2. Under article III, section 19 a person holding a lucrative office under this state is ineligible for the legislature "during the term for which" the person was elected. TEX. CONST. art. III, § 19. In our opinion, the word "term" in this context is synonymous with the phrase "term of office."

"A term of office is a fixed and definite period" that is generally set by law. Tex. Att'y Gen. Op. No. JC-0264 (2000) at 5; *see Spears v. Davis*, 398 S.W.2d 921, 926 (Tex. 1966). The Texas Supreme Court has clearly distinguished between the phrase "term of office" and an individual's tenure of office. *See Spears*, 398 S.W.2d at 926. "The period of time designated as a term of office may not and often does not coincide with an individual's tenure of office." *Id.* As this office has stated, "[a] term of office may be legally established for a period of two, three, four[,] or six years. A given individual, however, may serve for a shorter or longer period than the term prescribed by law." Tex. Att'y Gen. LO-89-106, at 2.

The City's charter sets city council members' terms at two years. *See* Rockwall Charter, *supra*, § 3.01; *see also* Request Letter, *supra* note 1, at 1 (indicating that the council member's first term ran from May 2003 through May 2005 and his second term runs from May 2005 through May 2007). Although the council member held a lucrative office during his first two-year term, his current two-year term, which commenced in May 2005, is not lucrative. Under the city ordinance, he will receive no compensation during the current two-year term. *See* Request Letter, *supra* note 1, at 1–2.

We accordingly conclude that article III, section 19 does not, in these circumstances, render this council member ineligible from election to the legislature. In reaching this conclusion, we assume that the city council repealed its compensation ordinance by adopting an ordinance. *See* Rockwall Charter, *supra*, § 3.11(1) ("After adoption an ordinance shall not be . . . repealed except by the adoption of another ordinance . . . ."). If the repeal was not accomplished by ordinance, it is ineffective. *See City of San Antonio v. Micklejohn*, 33 S.W. 735, 736 (Tex. 1895) ("The act which destroys should be of equal dignity with that which establishes.").

Of course, should the council member be elected to the legislature, he automatically resigns his council seat when he qualifies for the legislative office.[3] *See* TEX. CONST. art. XVI, § 40(d) ("No member of the Legislature . . . may hold any other office . . . under this State . . . ."); *Purcell v. Carillo*, 349 S.W.2d 263, 263 (Tex. Civ. App.—San Antonio 1961, no writ) (stating that, for purposes of article XVI, section 40, an individual does not "hold" an office until the individual qualifies or enters upon the office's duties); Tex. Att'y Gen. Op. No. JC-0464 (2002) at 3–4 (concluding that under article XVI, section 40(d) a new legislator automatically resigns an existing position on a state board's governing body).

---

[3]Because the Rockwall city council members hold office for two-year terms, article XI, section 11 of the Texas Constitution, under which a council member would automatically resign his or her city office should the council member run for another office with more than one year left in the council term, does not apply. *See* TEX. CONST. art. XI, § 11.

## S U M M A R Y

A city council member whose current term of office, which began in May 2005, is uncompensated in accordance with ordinance is eligible for election to the Texas Legislature under article III, section 19 of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee