

**IN THE**

**TENTH COURT OF APPEALS**

---

**No. 10-11-00056-CR**

**IN RE JEFFREY K. BROOKS**

---

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

In this original proceeding,[1] Relator Jeffrey K. Brooks seeks mandamus relief against the respondent trial judge on the allegation that he has failed to timely rule, or has refused to rule, on Brooks's "motion for nunc pro tunc order" in which Brooks seeks entry of a judgment nunc pro tunc to credit him for pre-sentence time served.[2] *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); *Ex parte Pena*, 71 S.W.3d 336,

---

[1] Brooks's "application" (petition) for writ of mandamus has several procedural deficiencies. The copy of the apparently handwritten facsimile of the motion for nunc pro tunc order is not certified or sworn to, as required by Rules 52.3(k) and 52.7(a)(1), and a copy of the underlying judgment is not included. *See* TEX. R. APP. P. 52.3(k), 52.7(a)(1). The petition lacks proper proof of service on the Respondent, as it indicates service on the "Clerk of Court," rather than on the Respondent trial court judge. *See id.* 9.5, 52.2. And, it lacks proof of service on the Johnson County District Attorney, a Real-Party-in-Interest. *See id.* 52.2. A copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service. *Id.* 9.5. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules. *Id.* 2.

[2] Brooks alleges that the judgment credits him with 29 days served but that it should credit him with 42 days served.

337 n.5 (Tex. Crim. App. 2002).

Brooks asserts that his motion for nunc pro tunc order was filed on October 21, 2010 and that he "has subsequently twice requested status updates from the trial court."

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper,* 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.,* 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn,* 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter,* 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.,* 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn,* 137 S.W.3d at 685; *Keeter,* 134 S.W.3d at 252; *Chavez,* 62 S.W.3d at 228; *Barnes,* 832 S.W.2d at 426; *see also Shredder Co.,* 225 S.W.3d at 679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn,* 137 S.W.3d at 685; *Chavez,* 62 S.W.3d at 228; *Barnes,* 832 S.W.2d at 426; *cf. Shredder Co.,* 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

A trial judge has a reasonable time to perform the ministerial duty of considering

and ruling on a motion properly filed and before the judge. *Chavez*, 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.* The mere filing of a pleading or letter with the clerk does not impute knowledge to the trial judge. *See In re Flores*, No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding). Neither does an unsupported allegation of requesting "status updates from the trial court."

Brooks bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Mullins*, 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, no pet.) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). There is no record showing that Brooks has brought the matter to the attention of the trial judge.

Because Brooks has not shown that he is entitled to relief, we deny the petition for writ of mandamus.


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Petition denied
Opinion delivered and filed March 23, 2011
Do not publish
[OT06]