J. M. PATTON v. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE.

No. 1759. Decided December 18, 1907.

**1.—School Land—Transfer by Purchaser—Cancellation—Reinstatement.**

A deed by a purchaser of school land from the State who had made settlement and proof thereof as required by law having been dated by mistake before such proof of settlement was filed in the General Land Office, the Commissioner, on the deed being filed with him, cancelled the sale because of such premature transfer by the purchaser (Act of April 15, 1905, sec. 4; Laws 29th Leg., p. 162). Held that the purchaser, the actual date of his conveyance being undisputed, was entitled to mandamus requiring the reinstatement by the Land Commissioner of the said sale to him. (Pp. 221, 222.)

**2.—Same—Supreme Court—Jurisdiction—Issue of Fact.**

The date of a deed by a purchaser of school land, and of its acknowledgment was sufficient to authorize the cancellation of the sale by the Land Commissioner, if from the face of such deed filed with him the transfer appeared

to be prematurely made; but such date was not conclusive of the fact; and on application for mandamus to require reinstatement, when the Commissioner raised no issue as to the truth of the applicant's claim that the deed was in fact made after proof of settlement was filed, the Supreme Court may treat the fact as undisputed and award mandamus.   (P. 223.)

Original proceeding in the Supreme Court, by Patton, to obtain writ of mandamus against the Commissioner of the General Land Office.

*W. L. Andrews, D. W. Doom,* and *D. H. Doom,* for relator.

*Robert V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* assistant, for respondent.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Relator seeks a mandamus from this court to the respondent upon the following facts condensed from the petition:

One Cowley, as purchaser under the Act of 1905, secured an award of the eight sections of school land involved from the respondent on the 1st day of December, 1906. He made his settlement as required by the act referred to, and, on the 2nd day of February, 1907, made his affidavit thereof, which was forwarded to the land office, reaching there February 5, 1907. On the last named date he executed, acknowledged and delivered to relator a deed conveying the land, but, by mistake of the notary who wrote the deed and acknowledgment, both were dated February 4, 1907. Relator also settled on the land, and, on May 10, 1907, filed the deed in the Land Office and applied to have himself substituted for Cowley as purchaser, complying with the law for that purpose. The Commissioner, seeing that the deed bore a date anterior to that of the filing of Patton's affidavit of settlement, rejected relator's application and cancelled the sale in accordance with section 4 of the Act of 1905. (Laws 29th Leg., p. 162.) The mandamus is sought to compel a reinstatement of the sale.

The answer of the Commissioner does not in any way controvert the truth of these allegations and we must take them as established for the purposes of this action by the verified petition; and the question to be decided is whether or not they entitle the relator to the relief prayed for.

The provision of the statute referred to upon which the cancellation is based is as follows: "A purchaser shall not transfer his land prior to his actual settlement thereon, and evidence of that fact filed as herein provided, and any attempt to so transfer by deed, bond for title, or other agreement, shall operate as a forfeiture of the land; . . . and when sufficiently informed of the facts which operate as a forfeiture, the Commissioner shall note the fact of forfeiture upon the application," etc.

The fact which operates as a forfeiture is not the filing of a deed bearing a date anterior to that of filing the affidavit of settlement, but the transfer or attempted transfer of the land in one of

the methods mentioned prior to the filing of such affidavit. That act, nothing less, is the cause of forfeiture. The date of a deed is only evidence and not conclusive evidence of the date of the transaction. It is upon sufficient information of the fact of the transfer or attempted transfer before the filing of the affidavit, that the Commissioner is to note the forfeiture. We do not say that he may not properly act upon the evidence afforded by the date of a deed. For the purposes of guiding his own action he is to determine for himself whether or not the necessary fact exists, but his determination does not conclude the matter. The right of the purchaser may still be shown in a judicial proceeding. If an issue were made before us as to the existence of the necessary fact, it could not be determined by this court; but when the facts stated in the petition are not controverted, they are, as we have said, established for the purposes of the case.

It is argued that the writ should not issue in such a case because the Commissioner has no means of ascertaining the truth as between the date of the deed and the verified allegations of the petition. But he can so shape his pleading as to show that there is an issue of the sort to be determined, and this court would in such case be without power to hear and weigh the evidence upon it. He may not be willing to answer under oath directly that the facts stated by the relator are not true, and it may be that he should not be expected to do that without better knowledge than he may personally have, but he can answer so as to present the facts and circumstances making apparent the existence of the disputed question of fact. This was done in the case of Wooten v. Rogan, (96 Texas, 434) and was recognized by this court as sufficient to oust its jurisdiction. We do not understand, however, that the respondent intends to question the truth of plaintiff's allegations. He rather contends for the declaration of this court, as a rule of law, that he must act upon the date of a deed filed in his office and that therefore such date ought to be taken as conclusive in favor of the forfeiture. This view is not warranted by the statute and we can not adopt it.

To avoid misapprehension, we think it proper to say, that our action is not based upon a weighing of the affidavit of the plaintiff as evidence against that afforded by the date of the deed and acknowledgment. That this court could not do, if there were an issue. We simply take the facts stated in the petition as established because they are in no way controverted.

The controversy has arisen only because of plaintiff's negligence in creating a condition which seemed to warrant the action of the respondent, and we therefore think the costs should be adjudged against relator.

*Mandamus awarded at the cost of relator.*