**In re William F. PIPER.**

**No. 10–03–042–CR.**

Court of Appeals of Texas, Waco.

April 2, 2003.

William F. Piper, Pro Se.

John E. Neill, Dale S. Hanna, Johnson County District Attorney, Dick Turner, Cleburne, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

William F. Piper petitions the Court for a writ of mandamus to compel the Honorable John Neill, Judge of the 18th District Court of Johnson County, Texas, to issue a writ of habeas corpus. We deny the petition.

We requested a response from Judge Neill; he has not filed one. *See* Tex.R.App. P. 52.4. As Piper states the facts in his pleadings, he is confined in the Johnson County jail, he stands indicted in the 18th District Court for manufacturing a controlled substance in an amount of four hundred grams or more and for engaging in organized criminal activity, and his bail is set at $50,000 in each case. *See* Tex. Health & Safety Code Ann. §§ 481.112–481.114 (Vernon Supp.2003); Tex. Pen. Code Ann. § 71.02 (Vernon 2003).

Piper has filed a preconviction petition for writ of habeas corpus in the 18th District Court, in which he seeks a reduction in the amount of his bail. Piper contends in that petition that the bail is excessive in light of his ties to Johnson County and his inability to raise more than $5,000. *See* Tex.Code Crim. Proc. Ann. art. 17.15 (Vernon Supp.2003). According to Piper's pleadings, Judge Neill has not issued the writ, and Piper has not filed habeas petitions in any other court.

Mandamus is an extraordinary remedy, "to be used sparingly." *Guerra v.*

*Garza*, 987 S.W.2d 593, 594 (Tex.Crim. App.1999) (orig. proceeding); *accord In re Verbois*, 10 S.W.3d 825, 828 (Tex.App.-Waco 2000, orig. proceeding [pet. denied] ) ("compelling circumstances" required). The relator must show "a clear right to the relief sought." *Stotts v. Wisser*, 894 S.W.2d 366, 367 (Tex.Crim.App.1995) (orig. proceeding). A court with mandamus authority "will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy." *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197–99 (Tex.Crim.App. 2003) (orig. proceeding); *accord In re Taylor*, 39 S.W.3d 406, 411 (Tex.App.-Waco 2001, orig. proceeding). The relator must establish both prongs of this test in order to make relief by mandamus available. *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 48 (Tex.Crim.App.1987) (orig. proceeding).

■ First, "the 'ministerial act' requirement [is] a requirement that the relator have 'a clear right to the relief sought' meaning that the relief sought must be 'clear and indisputable' such that its merits are 'beyond dispute' with 'nothing left to the exercise of discretion or judgment.'" *Rosenthal*, 98 S.W.3d at 197–199 (quoting *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927–28 (Tex.Crim.App. 2001) (orig. proceeding)); *accord Taylor* at 411.

The relator's remedy at law, moreover, must be "adequate" if it is to bar relief by mandamus. *Rosenthal*, 98 S.W.3d at 197–199; *Ex parte Garrison*, 47 S.W.3d 105, 107 (Tex.App.-Waco 2001, pet. ref'd). The purpose of the requirement that the relator show no adequate remedy is "[t]o assure that a relator will not prematurely apply for extraordinary relief via writ of mandamus." *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex.Crim.App.1987) (orig. pro-

ceeding). "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *State ex rel. Holmes v. Third Court of Appeals*, 885 S.W.2d 389, 394 (Tex.Crim. App.1994) (orig. proceeding) (quoting *Smith*, 728 S.W.2d at 792); *In re Davis*, 990 S.W.2d 455, 457 (Tex.App.-Waco 1999, orig. proceeding) (quoting *Smith* at 792). In general, the absence of the right of appeal satisfies the mandamus requirement that the relator have no legal remedy. *Rosenthal*, 98 S.W.3d at 199 (State's appeal). Petition for writ of habeas corpus, however, is generally an adequate remedy. *See Banales v. Thirteenth Court of Appeals*, 93 S.W.3d 33, 36 (Tex.Crim. App.2002) (orig. proceeding). In particular, petition for writ of habeas corpus is a proper means to challenge the amount of bail. *See Ludwig v. State*, 812 S.W.2d 323, 324 (Tex.Crim.App.1991) (per curiam); *Ex parte McCullough*, 993 S.W.2d 836, 837 (Tex.App.-Waco 1999, orig. proceeding); *Ex parte Chavfull*, 945 S.W.2d 183, 185 (Tex.App.-San Antonio 1997, no pet.).

■ Piper tends to show that Judge Neill has a mandatory duty to issue the writ, but does not show that he has no adequate remedy for Judge Neill's failure to do so. Assuming the facts as Piper states them, it would be beyond question that Judge Neill has a duty to issue the writ. Texas district courts have constitutional and statutory authority to issue writs of habeas corpus. TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.011 (Vernon 1988); TEX.CODE CRIM. PROC. ANN. art. 11.05 (Vernon 1977); *Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex.Crim.App.1991). The Texas Constitution provides that the writ of habeas corpus is a "writ of right." TEX. CONST. art. I, § 12. The Texas Code of Criminal Procedure further provides

that it is the duty of a district court, "upon proper motion, to grant the writ under the rules prescribed by law." TEX.CODE CRIM. PROC. ANN. art. 11.05. The writ "shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatsoever." *Id.* art. 11.15 (Vernon 1977). "Where one entitled to a writ of habeas corpus makes proper application for it to the proper court having jurisdiction, said application conforming to all the statutory requirements and probable cause being shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a constitutional right. Neither can it be denied where the granting of it is made an imperative duty by statute." *Click v. State,* 118 Tex.Crim. 404, 407–408, 39 S.W.2d 39, 41 (1931).

Based on the limited record before us, Piper's petition for writ of habeas corpus appears substantially to comply with the requirements for such petitions. *See* TEX. CODE CRIM. PROC. ANN. art. 11.14 (Vernon 1977). Assuming that this record speaks the true facts, Judge Neill thus would have a mandatory duty to issue the writ of habeas corpus returnable in Johnson County, to let the writ be served upon the sheriff of Johnson County, and timely to hear the merits of Piper's complaint. *See id.* arts. 11.05, 11.08, 11.10, 11.11, 11.27, 11.31, 11.40 (Vernon 1977).

■■ However, Piper does not establish that he has no other remedy short of mandamus. The purpose of the writ of habeas corpus, of course, is to test the legality of the applicant's confinement. *See* TEX.CODE CRIM. PROC. ANN. art. 11.01 (Vernon 1977). The refusal to issue the writ "by one judge is not conclusive against applicant, for he may apply to another and have the opinion of one or all of the judges as to the legality of his re-

straint." *Ex parte Ainsworth,* 27 Tex. 731, 732 (1865); *accord Hargett,* 819 S.W.2d at 868; *Chavfull,* 945 S.W.2d at 185. The Code of Criminal Procedure provides that after an indictment is returned against a defendant "he may apply to the judge of the court in which he is indicted." TEX. CODE CRIM. PROC. ANN. art. 11.08. But this language is "advisory or permissive, not mandatory." *Garber v. State,* 667 S.W.2d 611, 613 (Tex.App.-El Paso 1984, no pet.). Piper's remedy is to file a petition for writ of habeas corpus in the Texas Court of Criminal Appeals, in any Texas district court other than the 18th, or in any Texas county court. *See* TEX.CODE CRIM. PROC. ANN. art. 11.05. This law has been criticized by both judges and scholars. *E.g., Ex parte Rodriguez,* 980 S.W.2d 475, 475 (Tex.Crim.App.1998) (orig. proceeding) (Baird, J., concurring); 43B GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 47.54 (2d ed. 2001). Nonetheless, it is still the law. Moreover, we are unwilling to hold the "Great Writ" of habeas corpus inadequate. *See generally Ex parte Graves,* 70 S.W.3d 103, 107–108 & nn. (Tex.Crim.App.2002) (orig. proceeding); James C. Harrington & Anne More Burnham, *Texas's New Habeas Corpus Procedure for Death–Row Inmates: Kafkaesque—And Probably Unconstitutional,* 27 ST. MARY'S L.J. 69, 76–77, 79–87 (1995).

Piper cites us to our holding in *Kozacki v. Knize,* in which we held that a court has a mandatory duty to rule on a proper motion presented to the court. *See* 883 S.W.2d 760 (Tex.App.-Waco 1994, orig. proceeding). In that case, without considering the remedy of petition for writ of habeas corpus, we conditionally granted a petition for writ of mandamus to compel a district judge to conduct a hearing on a motion to reduce bail. *Id.* Similarly, we have held that the remedy of petitioning

another court for the writ after one court refuses to issue it is inadequate where an illegal trial is impending after a void action by a trial court. *Davis*, 990 S.W.2d at 457; *see Garcia v. Dial*, 596 S.W.2d 524, 530 (Tex.Crim.App. [Panel Op.] 1980) (orig. proceeding). No matter how clear the respondent's duty, the relator is not entitled to relief without also showing that he or she lacks an adequate legal remedy other than mandamus. The record presented in the instant cause does not show that an adequate legal remedy is not available.

The petition for writ of mandamus is denied. *See* Tex.R.App. P. 52.8(a).

Chief Justice DAVIS concurring.

Justice VANCE dissenting.

REX D. DAVIS, Chief Justice, concurring.

Respondent has failed or refused to "issue the writ" requested by William F. Piper in the underlying proceeding.[1] The central issue in this mandamus proceeding is whether Piper has a right to a hearing in the trial court on the merits of his request for a bail reduction or whether he must file his request with another district judge. Stated in mandamus terms, the question is whether he has an "adequate remedy at law."

To obtain mandamus relief, settled law requires the relator to establish: "(1) he has no other adequate legal remedy; and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial." *State ex rel. Hill v. Court of Appeals*, 34 S.W.3d 924, 927 (Tex.Crim.App. 2001).

"In a case where a judge refuses to issue the requested writ of habeas corpus or denies an applicant the requested hearing on the merits of his claim, an applicant's remedies are limited. Some remedies available to an applicant in that situation are to present the application to another district judge having jurisdiction, or under proper circumstances, to pursue a writ of mandamus." *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.Crim.App.1991) (footnote omitted). "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *State ex rel. Holmes v. Court of Appeals*, 885 S.W.2d 389, 394 (Tex.Crim.App.1994) (quoting *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim.App.1987)); *accord In re Davis*, 990 S.W.2d 455, 457 (Tex.App.-Waco 1999, orig. proceeding).

Piper has not provided any information regarding when his case is set for trial. *Cf. Davis*, 990 S.W.2d at 457 (second habeas inadequate because of "the short period of time before the date for the second trial as scheduled by the Respondent"). He has shown no other circumstance that allows him the exception accorded in *Davis*. Therefore, with considerable regret, I concur in the denial of the requested relief.

BILL VANCE, Justice, dissenting.

The majority's refusal to compel the trial judge to do what he has an absolute duty to do, issue a writ to which Relator has an absolute right, is mystifying. The time taken to reach that decision in this original proceeding while the Relator has

---

1. By "issuance of the writ," the court issues an order "directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint." Tex.Code Crim. Proc. Ann. art. 11.01 (Vernon 1977). In plain terminology, the court merely directs the sheriff to bring the applicant to court for a hearing on his habeas application.

remained in jail without a hearing is troubling.

Relator's petition for a writ of mandamus was filed in this court on February 7, 2003. On February 12, we asked Respondent and the State to respond not later than February 26. We received no response. Although Relator is in jail awaiting trial, more than a month has passed before he will be informed that he must file another application for a writ of habeas corpus with another judge to attempt to obtain a hearing on his request for a reduction in bail.

- Respondent is the judge of the 18th District Court of Johnson County (See Justice Gray's Opinion);
- A felony indictment against Relator is pending in the 18th District Court (See Justice Gray's Opinion);
- Relator is confined in the Johnson County jail in lieu of bail of $50,000, an amount which he asserts to be excessive (See Justice Gray's Opinion);
- "A petition for writ of habeas corpus is a proper means to challenge the amount of bail" (See Justice Gray's Opinion, citing three cases);
- Article 11.08 directs Relator to file his petition for writ of habeas corpus to contest the amount of bail set with the "judge of the court in which he is indicted" (See Justice Gray's Opinion, citing TEX.CODE CRIM. PROC. ANN. art. 11.08);
- Relator filed such a petition with Respondent, conforming to the requirements for such petitions (See Justice Gray's Opinion, citing *Id.* art. 11.14);
- Respondent had "a mandatory duty to issue the writ of habeas corpus ..., to let the writ be served upon the sheriff of Johnson County, and timely to hear the merits of [Relator's] complaint" (See Justice Gray's Opinion, citing *Id.*

arts. 11.05, 11.08, 11.10, 11.11, 11.27, 11.31, 11.40) ("It is beyond question that [Respondent] has a duty to issue the writ.");

- Relator's right to the writ is "constitutional" and the "granting of it is made an imperative duty by statute" (See Justice Gray's Opinion, citing *Click v. State*, 118 Tex.Crim. 404, 407–08, 39 S.W.2d 39, 41 (1931) (also stating "It should be granted without unreasonable delay."));
- No appeal can be had from a refusal to issue a writ of habeas corpus (*Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex.Crim.App.1991) (citing cases back to 1900)).

Because neither the Respondent nor State has controverted Relator's assertions, we should accept them as true. *Whitehead v. Julian*, 476 S.W.2d 844, 845 (Tex.1972) (citing *Patton v. Terrell*, 101 Tex. 221, 105 S.W. 1115 (1907)).

The majority believes that filing a petition in another district court, a county court, or the Court of Criminal Appeals is such adequate relief that we cannot direct Respondent to do his statutory duty to issue a writ of habeas corpus, to which Relator has a constitutional right. I disagree. The El Paso case cited by Justice Gray addresses conflicts of jurisdiction, not the right of the accused to challenge the amount of his bail. *See Garber v. State*, 667 S.W.2d 611 (Tex.App.-El Paso 1984, no pet.). The "Great Writ" case cited by Justice Gray addresses the scope of post-conviction writs, not challenges to bail. *See Ex parte Graves*, 70 S.W.3d 103 (Tex.Crim.App.2002).

As Relator points out, we have held that "the theoretical habeas remedy available [by presenting the petition to another judge] is inadequate" in circumstances where a second trial was imminent. *In re*

*Davis,* 990 S.W.2d 455, 457 (Tex.App.-Waco 1999, orig. proceeding); *see also Von Kolb v. Koehler,* 609 S.W.2d 654, 656 (Tex. App.-El Paso 1980, orig. proceeding) ("such a possibility is no defense to our issuance of a writ of mandamus"). We observed: "A technically available legal remedy will not defeat a petitioner's entitlement to mandamus relief when the remedy is 'so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate.'" *Davis,* 990 S.W.2d at 457 (citing *State ex rel Holmes v. Court of Appeals,* 885 S.W.2d 389, 394 (Tex.Crim.App.1994); *Kozacki v. Knize,* 883 S.W.2d 760, 762 (Tex. App.-Waco 1994, orig. proceeding)). We also observed that "under proper circumstances" relief by mandamus might be appropriate. *Id.* (citing *Ex parte Hargett,* 819 S.W.2d at 868); *see also Kozacki,* 883 S.W.2d at 762 (Mandamus is available to "correct judicial action that ignores clear, binding precedent" because "[t]rial judges do not enjoy the freedom to ignore the law.").

Relator's has a right; Respondent has a duty. The majority does not dispute that the duty to issue the writ is ministerial, in that it does not involve the exercise of any discretion. Relator is in jail awaiting a decision on his attempt to have the amount of bail lowered. Requiring him to prepare another petition and find a judge willing to issue the writ that Respondent had a ministerial duty to issue is "so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *Davis,* 990 S.W.2d at 457. I would conditionally grant the relief requested, so that hereafter Professors Dix and Dawson would have a basis for changing "defendant's recourse *may* be to seek mandamus rather than attempting to invoke the Court of Criminal Appeals' original habeas corpus jurisdiction" to "defendant's recourse is to seek mandamus to require the judge before whom the case is pending[1] to issue the writ." G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 47.56 (2d ed.2001). Because the majority does not, I respectfully dissent.

---

1. Article 11.08 provides an alternative when there is no judge within the district. TEX.CODE CRIM. PROC. ANN. art. 11.08.