In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-036 CV


____________________



IN RE WILLIAM FOSTER






Original Proceeding






MEMORANDUM OPINION (1)


 William Foster filed a petition for writ of mandamus, amended March 2, 2005, in
which he complains the trial court violated a ministerial duty when it failed to conduct an
evidentiary hearing on Foster's application to reduce bail. The relator alleges he is being
held on an indictment for injury to a child and the trial court set bail at $200,000. Seeking
a bond reduction, Foster filed an application for writ of habeas corpus and requested an
evidentiary hearing.  On August 23, 2004, the trial court denied the application without
conducting an evidentiary hearing. Foster attempted to appeal the order, but this Court
held the order was not appealable and dismissed Foster's appeal for lack of jurisdiction. 
Ex parte Foster, No. 09-04-405 (Tex. App.-Beaumont Feb. 16, 2005, no pet. h.) (memo.
op.); Ex parte Noe, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983). 

 "In general, the absence of the right of appeal satisfies the mandamus requirement
that the relator have no legal remedy." In re Piper, 105 S.W.3d 107, 109 (Tex.
App.-Waco 2003, orig. proceeding). Petition for writ of habeas corpus to a court having
jurisdiction, however, is an adequate remedy that will preclude mandamus relief in the
intermediate appellate court. Id. The trial court ruled on Foster's motion; therefore, the
relief sought in this proceeding is an order commanding the trial court to vacate its order
denying the application for writ of habeas corpus and to either issue the writ or conduct
an evidentiary hearing on the merits of the application. Otherwise, this case is
indistinguishable from Piper.  Assuming Foster established both the trial court's duty to
issue the writ of habeas corpus and the trial court's violation of that duty by denying the
application without providing Foster with an opportunity to present evidence, Foster may
file a petition for writ of habeas corpus with any of the courts provided with original
jurisdiction in habeas corpus. See Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon
1977); Piper, 105 S.W.3d at 110. 

 The petition for writ of mandamus is denied.

 WRIT DENIED.

 PER CURIAM


Opinion Delivered March 31, 2005 

Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Tex. R. App. P. 47.4.