NO.
12-07-00167-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

IN RE: WILLIS FLOYD WILEY,

§                      ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Willis Floyd Wiley requests mandamus
relief complaining of the trial court’s refusal to issue the writ of habeas
corpus.[1]  We deny the petition for writ of mandamus.

 

Background

            Wiley is an inmate at Texas
Department of Criminal Justice–Institutional Division (TDCJ) and has been
indicted for possession of a prohibited substance in a penal institution.  See Tex.
Penal Code Ann. § 38.11(d)(1) (Vernon Supp. 2006).  The trial court initially appointed the State
Counsel for Offenders Office to represent Wiley.  At his request, he is now pro se in the
indicted cause (trial court cause number 28,322).

            Wiley filed a petition for writ of
habeas corpus in the trial court contending that he is illegally restrained in
cause number 28,322 and seeking dismissal of the cause.  Specifically, he asserted that the trial
court violated his constitutional and statutory rights by appointing the State
Counsel for Offenders Office to represent him at trial.  In this court, Wiley alleges that he appeared
at a pretrial hearing after filing his habeas petition, at which time he asked
the respondent to rule on the petition. 
According to Wiley, the respondent informed him that he was not going to
rule on his petition.  This original
proceeding followed.

Discussion

            Mandamus relief is authorized only
if the relator establishes that (1) he has no other adequate legal remedy and
(2) under the facts and the law, the act sought to be compelled is purely
ministerial. State ex rel. Hill v. Fifth Court of Appeals, 34
S.W.3d 924, 927 (Tex. Crim. App. 2001). 
Regarding the first requirement, a judge’s or court’s failure or refusal
to issue the writ is not appealable.  Ex
parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991).  But the unavailability of appeal does not
automatically establish that mandamus is available.  See In re Piper, 105
S.W.3d 107, 110-11 (Tex. App.–Waco 2003, orig. proceeding).  The remedy for a court’s failure to consider
an application for a writ of habeas corpus is simply to file the writ with
another court.  Williams v. State,
No. 14-03-01214-CR, 2005 WL 831713, at *4 (Tex. App.–Houston [14th Dist.] 2005,
pet. stricken) (mem. op., not designated for publication); In re Piper,
105 S.W.3d at 110.

            Here, Wiley has not shown that he
has filed his habeas petition in any other court.  Consequently, he has not established that he
has “no other remedy short of mandamus.”[2]  In re Piper, 105 S.W.3d at
110.  As such, Wiley has failed to
satisfy the first requirement for mandamus. 
Therefore, we need not address the second requirement.  The petition for writ of mandamus is denied.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered July 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 











[1]
The respondent is the Honorable Bascom W.
Bentley, III, Judge of the 3rd Judicial District Court, Anderson County, Texas.





[2]
In Piper, the court noted that
this law has been criticized by both judges and scholars, but is still the
law.  See Piper, 105 S.W.3d
at 110.