In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00222-CR


______________________________





IN RE: STEPHEN CLAY JOHNSTON





 


Original Habeas Corpus Proceeding




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Stephen Clay Johnston has filed a petition asking this Court to issue a writ of habeas corpus
and to order him released from custody under an adequate bond. Johnston states that he has been
incarcerated for eleven days in the Red River County jail for reasons not known to him. It appears
from the body of his petition that he is seeking pre-conviction release through the writ. He
complains that he has not been arraigned and suggests that he was arrested because he did not attend
an Alcoholics Anonymous meeting in connection with community supervision. He complains that
he has not been allowed to use a telephone and has been denied access to addresses of various courts. 
He states that the jailers refused him access to his heart medications for six days and that they have
continued to refuse him access to pain medications prescribed for him for severe and long-term pain
in his back and knees. 

 He sets out several other physical problems involving bleeding in his gastrointestinal tract
and the refusal to provide him with his medications for that physical problem.

 Assuming the facts as Johnston states them, it appears that a proper court would have a duty
to issue the writ and hear his claim. See Tex. Code Crim. Proc. Ann. art. 11.23 (Vernon 2005). 
This Court, however, does not have the jurisdiction to issue such a writ. Texas district courts have
constitutional and statutory authority to issue writs of habeas corpus. Tex. Const. art. V, § 8; Tex.
Code Crim. Proc. Ann. art. 11.05 (Vernon 2005); Tex. Gov't Code Ann. § 24.011 (Vernon 2004);
Ex parte Hargett, 819 S.W.2d 866, 867 (Tex. Crim. App. 1991). The Texas Constitution provides
that the writ of habeas corpus is a "writ of right." Tex. Const. art. I, § 12. The Texas Code of
Criminal Procedure further provides that it is the duty of a district court, "upon proper motion, to
grant the writ under the rules prescribed by law." Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon
2005). 

 The writ "shall be granted without delay by the judge or court receiving the petition, unless
it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to
no relief whatsoever." Tex. Code Crim. Proc. Ann. art. 11.15 (Vernon 2005).

 If a defendant is charged with a felony, he may apply to the judge of the court in which
indicted or to the judge of any district whose residence is nearest to the courthouse of the county in
which the applicant is held in custody. Tex. Code Crim. Proc. Ann. art. 11.08 (Vernon 2005). If
confined on a misdemeanor charge, he may apply to the county judge--or if there is none in that
county, then to the county judge whose residence is nearest to the courthouse of the county in which
he is held in custody. Tex. Code Crim. Proc. Ann. art. 11.09 (Vernon 2005); see In re Piper, 105
S.W.3d 107, 109-10 (Tex. App.--Waco 2003, orig. proceeding).

 Accordingly, it appears that his petition should be delivered either to the County Clerk of Red
River County, or to the District Clerk of Red River County for filing and presentation to the proper
judge for that county.

 We dismiss the petition for lack of jurisdiction. 




 Jack Carter

 Justice


Date Submitted: December 29, 2009

Date Decided: December 30, 2009




er 29, 2003
Date Decided:             December 30, 2003