COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

IN RE: RODNEY RAMIREZ, §

§ No. 08-12-00232-CR

Relator. §

§ AN ORIGINAL PROCEEDING

§ IN MANDAMUS

§

§

§

**<u>MEMORANDUM OPINION</u>**

Rodney Ramirez, *pro se*, has filed a second petition for writ of mandamus.[1] Relator is requesting this Court to compel the 327th Judicial District Court of El Paso County, Texas to rule on his petition to set aside and vacate a void sentence filed in trial court cause number 59793. For the reasons that follow, we deny Relator's request for mandamus relief.

On September 18, 1991, a jury convicted Relator for the offense of credit card abuse, a third-degree felony. The trial court sentenced him to eighteen years' imprisonment. In his petition to set aside, Relator asserts that although his sentence has been fully discharged, he is

---

[1] In 2010, this Court denied Relator's first petition for a writ of mandamus seeking the same relief because Relator failed to demonstrate that he was entitled to mandamus relief. *In re Ramirez*, 2010 WL 2619145, at *1 (Tex. App. – El Paso June 30, 2010, orig. proceeding) (mem. op., not designated for publication).

entitled to challenge a void sentence at any time. Relator maintains that his eighteen-year sentence is void and illegal because it exceeds the maximum authorized by law. Relator claims that he filed the petition to set aside on December 3, 2009. He also claims that on February 29, 2012, he filed a notice of intent, asking the trial court to rule on the petition to set aside and stating his intention to seek mandamus relief if the trial court failed to rule on the petition.

Relator's conviction is final. There is nothing indicating that he filed an appeal or that he filed a writ of habeas corpus. Relator complains that, because the trial court failed to rule on his petition to aside and vacate a void sentence, the judgment remains non-final, he is in a "legal purgatory," he is prohibited from seeking review from a higher court, and that he has no adequate remedy by appeal, and thus, mandamus relief is proper.

We have authority to issue a writ of mandamus, if a relator establishes: (1) no other adequate remedy at law is available and (2) that the act he seeks to compel is ministerial. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). An act is ministerial if it does not involve the exercise of any discretion. *State ex rel. Hill v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Although Relator contends that the trial court had a ministerial duty to rule on his petition to set aside and to vacate a void order of sentencing, his grounds for relief are not an appropriate basis for mandamus relief, but rather for habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2005) (writ of habeas corpus is remedy to be used when a person is restrained in his liberty); *Ex Parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (claim of an illegal sentence may be brought at any time on a post-conviction writ of habeas corpus). In a felony case, we do not have authority to command a trial court to rule on a motion to vacate and void a sentence in which the judgment is

2

final.  *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App. – Houston [1st Dist.] 2001, orig. proceeding).  The Texas Court of Criminal Appeals has exclusive jurisdiction to grant post-conviction relief in a felony case.  TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

In this case, Relator has an adequate remedy at law because he can seek relief through a writ of habeas corpus.  *See Ex Parte Rich*, 194 S.W.3d at 511.  Accordingly, he has failed to establish that he is entitled to mandamus relief.  *See State ex rel. Young*, 236 S.W.3d at 210; *In re Piper*, 105 S.W.3d 107, 109 (Tex. App. – Waco 2003, orig. proceeding) (generally, an application for writ of habeas corpus is an adequate remedy that prevents mandamus relief).  We therefore deny Relator's petition for writ of mandamus.

GUADALUPE RIVERA, Justice

July 31, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

3