COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 IN RE: RODNEY RAMIREZ,
  
                     
 Relator.
  
  
  
  
  
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-12-00232-CR
  
 AN ORIGINAL
 PROCEEDING
  
 IN MANDAMUS
  
  
 
 


 

MEMORANDUM
OPINION

 

Rodney
Ramirez, pro se, has filed a second
petition for writ of mandamus.[1]  Relator is requesting this Court to compel
the 327th Judicial District Court of El Paso County, Texas to rule on his
petition to set aside and vacate a void sentence filed in trial court cause
number 59793.  For the reasons that
follow, we deny Relator’s request for mandamus relief.

On
September 18, 1991, a jury convicted Relator for the offense of credit card
abuse, a third-degree felony.  The trial court
sentenced him to eighteen years’ imprisonment. 
In his petition to set aside, Relator asserts that although his sentence
has been fully discharged, he is entitled to challenge a void sentence at any
time.  Relator maintains that his
eighteen-year sentence is void and illegal because it exceeds the maximum
authorized by law.  Relator claims that
he filed the petition to set aside on December 3, 2009.  He also claims that on February 29, 2012, he filed
a notice of intent, asking the trial court to rule on the petition to set aside
and stating his intention to seek mandamus relief if the trial court failed to
rule on the petition.

Relator’s
conviction is final.  There is nothing
indicating that he filed an appeal or that he filed a writ of habeas
corpus.  Relator complains that, because
the trial court failed to rule on his petition to aside and vacate a void
sentence, the judgment remains non-final, he is in a “legal purgatory,” he is prohibited
from seeking review from a higher court, and that he has no adequate remedy by
appeal, and thus, mandamus relief is proper.

We
have authority to issue a writ of mandamus, if a
relator establishes: (1) no other adequate remedy at law is available and (2)
that the act he seeks to compel is ministerial.  State ex rel. Young v. Sixth Judicial Dist.
Court of Appeals, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  An act is ministerial if it does not involve
the exercise of any discretion.  State
ex rel. Hill v. Court of Appeals for the Fifth District, 34 S.W.3d 924, 927
(Tex. Crim. App. 2001).  Although Relator
contends that the trial court had a ministerial duty to rule on his petition to
set aside and to vacate a void order of sentencing, his grounds for relief are
not an appropriate basis for mandamus relief, but rather for habeas
relief.  See Tex. Code Crim. Proc.
Ann. art. 11.01 (West 2005) (writ of habeas corpus is remedy to be used
when a person is restrained in his liberty); Ex Parte Rich, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (claim of
an illegal sentence may be brought at any time on a post-conviction writ of
habeas corpus).  In a felony case, we do
not have authority to command a trial court to rule on a motion to vacate and
void a sentence in which the judgment is final. 
See In re McAfee, 53 S.W.3d
715, 718 (Tex. App. – Houston [1st Dist.] 2001, orig. proceeding).  The Texas Court of Criminal Appeals has exclusive
jurisdiction to grant post-conviction relief in a felony case.  Tex.
Code Crim. Proc. Ann. art. 11.07 (West 2005); Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim.
App. 1991).

In this case, Relator has an adequate remedy at law because he can
seek relief through a writ of habeas corpus. 
See Ex Parte Rich, 194 S.W.3d
at 511.  Accordingly, he has failed to establish
that he is entitled to mandamus relief.  See State ex rel. Young, 236 S.W.3d at
210; In re Piper, 105 S.W.3d 107, 109
(Tex. App. – Waco 2003, orig. proceeding) (generally, an application for writ
of habeas corpus is an adequate remedy that prevents mandamus relief).   We therefore deny Relator’s petition for
writ of mandamus.

 

                                                                        GUADALUPE
RIVERA, Justice

July 31, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)

 











[1] 
In 2010, this Court denied Relator’s first petition for a writ of
mandamus seeking the same relief because Relator failed to demonstrate that he
was entitled to mandamus relief.  In re Ramirez, 2010 WL 2619145, at *1
(Tex. App. – El Paso June 30, 2010, orig. proceeding) (mem. op., not designated
for publication).