**Opinion filed November 8, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00321-CR

_____

## IN RE MELTON SELL

### Original Mandamus Proceeding

### M E M O R A N D U M   O P I N I O N

Appearing pro se, relator Melton Sell, a prison inmate, has filed a petition for writ of mandamus. In his petition, relator complains that the district judge of the 42nd District Court of Taylor County should be ordered to grant his motion to vacate his plea or correct his sentence by a judgment nunc pro tunc. Finding we lack jurisdiction, we dismiss the petition.

The substance of the relief relator seeks by mandamus is essentially a request for postconviction habeas corpus relief because he is seeking an order from this court in support of his attempt to set aside his original conviction and sentence. The habeas corpus procedure set out in Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive remedy for felony postconviction relief in state court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2012); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). There is no role for the courts of appeals in the procedure under Article 11.07. *See* Article 11.07, § 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding). Furthermore, an application for writ of habeas corpus is generally an adequate remedy that will preclude mandamus relief. *In re*

*Piper*, 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (citing *Banales v. Court of Appeals for the Thirteenth Judicial Dist.*, 93 S.W.3d 33, 36 (Tex. Crim. App. 2002) (orig. proceeding)).  Accordingly, we dismiss relator's petition for want of jurisdiction.


PER CURIAM


November 8, 2012

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Gray, C.J., 10th Court of Appeals.[1]

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.