COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| | § | No. 08-12-00352-CR |
| IN RE:   RODNEY RAMIREZ | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |

## MEMORANDUM   OPINION

Proceeding *pro se*, Rodney Ramirez filed a petition for a writ of mandamus requesting this Court to direct the Judge of the 327th Judicial District Court of El Paso County, Texas to rule on and grant his "Petition to Set Aside and Vacate a Void Sentence."[1]   For the reasons that follow, we decline to do so.

In 1991, Ramirez was convicted of credit card abuse, a third-degree felony, and sentenced to 18 years' imprisonment.   Nothing in the mandamus record indicates that Ramirez challenged his conviction by appeal or by writ of habeas corpus or that his conviction is not final. Nonetheless, Ramirez asserts that his 18-year sentence is void and illegal because it exceeds the maximum authorized by law and that, although his sentence has been fully discharged, he is nonetheless entitled to challenge a void sentence at any time.   Ramirez thus maintains that the trial judge abused her discretion by failing to rule on and grant his motion to set aside and vacate

---

[1] This is Ramirez's third petition for a writ of mandamus seeking the same relief.   In 2010, this Court denied Ramirez's first petition because he failed to demonstrate that he was entitled to mandamus relief.   *In re Ramirez*, 08-10-00156-CR, 2010 WL 2619145, at *1 (Tex.App.--El Paso June 30, 2010, orig. proceeding) (mem. op., not designated for publication).   Earlier this year, this Court denied Ramirez's second petition because he had an adequate remedy at law – relief through a writ of habeas corpus – and thus failed to demonstrate that he was entitled to mandamus relief.   *In re Ramirez*, 08-12-00232-CR, 2012 WL 3100848, at *2 (Tex.App.--El Paso July 31, 2012, orig. proceeding) (mem. op., not designated for publication).

his sentence. According to Ramirez, because the trial judge failed to rule on and grant the motion, the judgment remains non-final, he is in a "legal purgatory," he is prohibited from seeking review from a higher court, he has no adequate remedy by appeal, and is thus entitled to mandamus relief.

To obtain mandamus relief, Ramirez must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007)(orig. proceeding). Ramirez has failed to so establish.

First, Ramirez did not provide us with a certified or sworn copy of every document that is material to his claim for relief and failed to certify that every factual statement in his petition is supported by competent evidence in an appendix or record. *See* TEX.R.APP.P. 52.3(j), (k), 52.7(a)(1). Second, Ramirez's stated grounds for relief are not an appropriate basis for mandamus relief, but rather for habeas relief, the proper procedural vehicle to remedy an illegal sentence imposed by an otherwise final felony conviction. *See* TEX.CODE CRIM.PROC.ANN. art. 11.01 (West 2005); *Ex Parte Rich*, 194 S.W.3d 508, 511 (Tex.Crim.App. 2006)(orig. proceeding); *In re Piper*, 105 S.W.3d 107, 109 (Tex.App.--Waco 2003, orig. proceeding). However, only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991)(orig. proceeding); *see also* TEX.CODE CRIM.PROC.ANN. art. 11.07 (West Supp. 2012); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995)(orig. proceeding). Because the courts of appeal play no role in these matters and have no authority to issue writs of

2

mandamus in connection with such proceedings, we lack the authority to command the trial judge to rule on and grant Ramirez's motion to vacate and void his alleged illegal sentence. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07, §§ 3, 5; *Ater*, 802 S.W.2d at 242; *In re Briscoe*, 230 S.W.3d 196 (Tex.App.--Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex.App.--Houston [1st Dist.] 2001, orig. proceeding).

Based on the foregoing, we conclude that Ramirez is not entitled to mandamus relief. Accordingly, the petition is denied. *See* TEX.R.APP.P. 52.8(a). Ramirez' motion for leave to proceed on one typewritten petition is denied as moot.


December 19, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)