COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
  
  
  
 IN RE:  RODNEY
 RAMIREZ
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 
 
  
  
 No. 08-12-00352-CR
  
 AN ORIGINAL
 PROCEEDING
  
 IN MANDAMUS
  
  
  
 
 


 

MEMORANDUM  OPINION

Proceeding pro se, Rodney Ramirez filed a petition for a writ of mandamus requesting
this Court to direct the Judge of the 327th Judicial District Court of El Paso
County, Texas to rule on and grant his “Petition to Set Aside and Vacate a Void
Sentence.”[1]  For the reasons that follow, we decline to do
so.

In 1991, Ramirez
was convicted of credit card abuse, a third-degree felony, and sentenced to 18
years’ imprisonment.  Nothing in the
mandamus record indicates that Ramirez challenged his conviction by appeal or by
writ of habeas corpus or that his conviction is not final.  Nonetheless, Ramirez asserts that his 18-year
sentence is void and illegal because it exceeds the maximum authorized by law
and that, although his sentence has been fully discharged, he is nonetheless
entitled to challenge a void sentence at any time.  Ramirez thus maintains that the trial judge
abused her discretion by failing to rule on and grant his motion to set aside
and vacate his sentence.  According to
Ramirez, because the trial judge failed to rule on and grant the motion, the
judgment remains non-final, he is in a “legal purgatory,” he is prohibited from
seeking review from a higher court, he has no adequate remedy by appeal, and is
thus entitled to mandamus relief.

To obtain mandamus
relief, Ramirez must establish both that he has no adequate remedy at law to
redress his alleged harm, and that what he seeks to compel is a ministerial act
not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex.Crim.App. 2007)(orig. proceeding).  Ramirez has failed to so establish.

First, Ramirez did
not provide us with a certified or sworn copy of every document that is
material to his claim for relief and failed to certify that every factual
statement in his petition is supported by competent evidence in an appendix or
record.  See Tex.R.App.P. 52.3(j), (k), 52.7(a)(1).  Second, Ramirez’s stated grounds for relief
are not an appropriate basis for mandamus relief, but rather for habeas relief,
the proper procedural vehicle to remedy an illegal sentence imposed by an
otherwise final felony conviction.  See Tex.Code Crim.Proc.Ann. art. 11.01 (West 2005);
Ex Parte Rich, 194 S.W.3d 508, 511
(Tex.Crim.App. 2006)(orig. proceeding); In re Piper, 105 S.W.3d 107, 109
(Tex.App.--Waco 2003, orig. proceeding). 
However, only the Texas Court of Criminal Appeals has jurisdiction over
matters related to post-conviction relief from an otherwise final felony
conviction.  See Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. 1991)(orig. proceeding); see
also Tex.Code Crim.Proc.Ann.
art. 11.07 (West Supp. 2012); Board of
Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,
910 S.W.2d 481, 483 (Tex.Crim.App. 1995)(orig.
proceeding).  Because the courts of
appeal play no role in these matters and have no authority to issue writs of
mandamus in connection with such proceedings, we lack the authority to command
the trial judge to rule on and grant Ramirez’s motion to vacate and void his
alleged illegal sentence.  See Tex.Code Crim.Proc.Ann. art. 11.07, §§ 3,
5; Ater,
802 S.W.2d at 242; In re Briscoe, 230
S.W.3d 196 (Tex.App.--Houston [14th Dist.] 2006, orig. proceeding); In re McAfee, 53 S.W.3d 715, 718
(Tex.App.--Houston [1st Dist.] 2001, orig. proceeding).

Based on the
foregoing, we conclude that Ramirez is not entitled to mandamus relief.  Accordingly, the petition is denied.  See
Tex.R.App.P. 52.8(a).  Ramirez’ motion for leave to proceed on one
typewritten petition is denied as moot.

 

 

December 19, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff,
JJ.

 

(Do Not Publish)











[1]
This is Ramirez’s third petition for a writ of mandamus seeking the same
relief.  In 2010, this Court denied
Ramirez’s first petition because he failed to demonstrate that he was entitled
to mandamus relief.  In re Ramirez, 08-10-00156-CR, 2010 WL 2619145, at *1 (Tex.App.--El
Paso June 30, 2010, orig. proceeding) (mem. op., not designated for
publication).  Earlier this year, this
Court denied Ramirez’s second petition because he had an adequate remedy at law
– relief through a writ of habeas corpus – and thus failed to demonstrate that
he was entitled to mandamus relief.  In re Ramirez, 08-12-00232-CR, 2012 WL
3100848, at *2 (Tex.App.--El Paso July 31, 2012, orig. proceeding) (mem. op.,
not designated for publication).