84,290-01

CAUSE NO. F11-60536-U

Abel Acosta, Clerk

IN RE

FELIX CISNEROS                          §          IN THE TEXAS COURT

V.                                                        §          OF CRIMINAL APPEALS

DEC 07 2015

THE STATE OF TEXAS                  §                    AUSTIN, TEXAS

WRIT OF MANDAMUS

COURT OF CRIMINAL APPEALS
RECEIVED IN

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, FELIX H. CISNEROS, Petitioner herein, and would respectfully show this Court the following:

Petitioner (Cisneros) was convicted in the 291st Judicial District Court for Aggravated Sexual Assualt with a Deadly Weapon and sentenced to serve a Life sentence in the Texas Department of Criminal Justice-Institutional Division on October 25, 2012. Cisneros' direct appeal was mandated on June 25, 2014. He then filed his Writ of Habeas corpus, Art. 11.07 (TEX. CODE CRIM. P.) on April 7, 2015. He subsequently filed a petition into that Court to order the State to answer his writ pursuant to TEX. CODE CRIM. P. Art. 11.07 §3(b); however this was met with silence.

Traditionally, a writ of mandamus is issued only to compel the performance of a ministerial act or duty, but the writ is also available to correct a clear abuse of discretion by the trial court. Further, a trial court abuses its discretion for mandamus purposes if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. In RE H.E.Butt Grocery Co., 17 S.W. 3d 360 (Tex. 2000), 366-67; Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).

Mandamus may be available upon: 1) a showing that a trial court clearly abused its discretion by failing to correctly apply the law, and 2) the benefits and detriments of mandamus render appeal inadequate. In RE, Piper, 105 S.W.3d 107 (Tex. 2003); In RE Schmitz, 285 S.W.3d 451 (Tex. 2009)

For mandamus purposes, a ministerial act requirement is requirement that Relator has "a clear right to the relief sought," meaning that the relief sought must be "clear and indisputable" such that its merits are "beyond dispute" with "nothing left to the exercise of discrection or judgement." Id. Piper, at 108[4].

Furthermore, a trial court has no discretion in determining what the law is or in applying the law to facts, thus, said failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. In RE Paso Del Norte Surg. Ctr., 281 S.W. 3d 521 (Tex. 2008).

Texas Code of Criminal Procedure, Art. 11.07 §3(b) reads in pertinent part that the attorney representing the State "shall answer the application not later than the 15th day after the date the copy of the application is recieved." This statute is clear. Cisneros filed his post conviction writ of habeas corpus into the 291st Judicial District Court on April 7, 2015 and to date, the State has failed to answer said writ.

§3 (b) also states that the court clerk is responsible for insuring the application is assinged to that court. For this purpose, right or wrong, Cisneros is presuming the clerk of the court has complied with her ministerial duty.

§3 (c) orders the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of applicant's confinement. With or without findings, the clerk is suppose to file all of the documents into the Court of Criminal Appeals. To date, Cisneros has not recieved notice from any court pertaining to his writ of habeas corpus.

The law is clear and indisputable. The court recieved notice from Cisneros that the State's ministerial duty had been abandoned, and given the court's knowledge of this fact and its failure to rectify the problem, renders its decisions here arbitrary and unreasonable— a clear abuse of discretion—leaving only mandamus as the viable remedy.

Cisneros would ask the Honorable Court by way of relief, to order the 291st Judicial Court to fulfill its ministerial duty and demand the State to properly answer his writ of habeas corpus as the law prescribes.

Petitioner prays this Honorable Court will grant the appropriate relief as requested.

Under penalty of perjury, Petitioner, Felix Cisneros, avers to all of the facts and statements herein. He also swears that a copy of this mandamus was forwarded to the convicting court.

Signed this 15th day of December, 2015.

Respectfully Submitted,

Mr. Felix H. Cisneros
# 1828976
TDCJ-ID Bill Clements Unit
9601 Spur 591
Amarillo, TX 79107