

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-18-00271-CR**

**IN RE KENYA NIROBA LANDRUM**

_____

**Original Proceeding**

---

## MEMORANDUM OPINION

---

In this original proceeding, Relator Kenya Niroba Landrum seeks to compel the respondent, the Judge of the 19th Judicial District Court of McLennan County, to rule on his request for appointment of counsel under Chapter 64 of the Code of Criminal Procedure.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West 2018).

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'"  *In re Piper,* 105 S.W.3d 107, 109 (Tex. App.—Waco

---

[1] The petition for writ of mandamus has several procedural deficiencies.  *See* TEX. R. APP. P. 52.3.  It also lacks a proper proof of service; a copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service.  *Id.* at 9.5.  Because of our disposition and to expedite it, however, we will implement Rule of Appellate Procedure 2 and suspend these rules in this proceeding.  *Id.* at 2.

2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of App. for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. *The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (emphasis added).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez*, 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion *to the trial judge's attention*, and mandamus will not lie *unless the movant makes such a showing* and the trial judge then fails or refuses to rule within a reasonable time. *See id.* Also, the mere filing of a matter *with the clerk* does not impute knowledge *to the trial judge. See In re Flores*, No. 04-03-00449-CV, 2003 WL 21480964, at *1 (Tex. App.—San Antonio Jun. 25, 2003, orig.

proceeding) (mem. op.).

Landrum bears the burden of providing a sufficient record to establish his right to mandamus relief.  *See In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1 n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.).  There is no record showing that Landrum has brought his request for appointment of counsel under Chapter 64 of the Code of Criminal Procedure to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time.

Accordingly, we deny Landrum's petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition denied
Opinion delivered and filed August 29, 2018
[OT06]

