

IN THE

TENHT COURT OF APPEALS

No. 10-19-00014-CR

IN RE JERRY RANGEL

Original Proceeding

OPINION

In this original proceeding,[1] Relator Jerry Rangel seeks mandamus relief in the

form of compelling the Respondent trial judge to rule on Rangel's motion for post-

conviction DNA testing under Code of Criminal Procedure Chapter 64.[2] We requested a

---

[1] Rangel's petition for writ of mandamus has several procedural deficiencies. It does not include the certification required by Rule of Appellate Procedure 52.3(j). *See* TEX. R. APP. P. 52.3(j). The appendix, which apparently serves as Rangel's record, is not certified or sworn to, as required by Rules 52.3(k) and 52.7(a)(1). *See id*. 52.3(k), 52.7(a)(1). The petition also lacks proof of service on the Respondent trial judge. *See id*. 9.5, 52.2. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules. *Id*. 2.

[2] We affirmed Rangel's aggravated sexual assault conviction in 2009. *Rangel v. State*, No. 10-07-00247-CR, 2009 WL 540780 (Tex. App.—Waco Mar. 4, 2009, pet. ref'd) (mem. op., not designated for publication).

response to Relator's petition, which the State has now filed. Having reviewed Relator's petition and the State's response, we deny Realtor's petition.

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper*, 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197–99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id*.

Rangel bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Mullins*, 10–09–00143–CV, 2009 WL 2959716, at *1, n. 1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). There is no record showing that Rangel has brought his petition to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time. In its

response to Rangel's petition, the State provides exhibits that reflect that the petition was forwarded to the Court of Criminal Appeals the date it was received. Accordingly, we deny the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,*
    Justice Davis, and
    Justice Neill
    *(Chief Justice Gray concurring)
Petition denied
Publish
Opinion delivered and filed March 13, 2019
[OT06]

